Gregor A. Hensrude, Bar No. 226660
ghensrude@klinedinstlaw.com
Yumeng (Abby) Jiang, Bar No. 348718
ajiang@klinedinstlaw.com
KLINEDINST PC
501 West Broadway, Suite 1100
San Diego, California 92101
(619) 400-8000/FAX (619) 238-8707

Attorneys for Defendants THE ALTMAN LAW GROUP and BRYAN C. ALTMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORD MOTOR COMPANY, a Delaware Corporation,<br><br>    Plaintiff,<br><br>        v.<br><br>KNIGHT LAW GROUP LLP; STEVE B. MIKHOV; AMY MORSE; ROGER KIRNOS; DOROTHY BECERRA; THE ALTMAN LAW GROUP; BRYAN C. ALTMAN; WIRTZ LAW APC; and RICHARD M. WIRTZ,<br><br>    Defendant. | Case No.: 2:25-cv-04550 MWC (PVC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALTMAN DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Date:       December 12, 2025<br>Time:       1:30 p.m.<br>Judge:      Hon. Michelle W. Court<br>Courtroom:  6A |

## I.     INTRODUCTION

As noted in Defendants' KNIGHT LAW GROUP LLP, STEVE B. MIKHOV, AMY MORSE, ROGER KIRNOS, and DOROTHY BECERRA'S Memorandum of Law in Support of Their Motion to Dismiss ("KLG Motion"), incorporated herein, Ford's complaint is fatally deficient, includes time-barred allegations, and seeks to turn this court into an appellate court for issues *briefed and decided* by dozens of Superior Courts across the state.  This court should decline that invitation.

But what is more notable is how incredibly sparse the allegations against the Altman Defendants really are. There are no factual *allegations* to purported billing impossibilities. This is odd given the alleged "tremendous expense incurred by Ford to audit and detect the fraud." ECF No. 1, ¶ 1. Yet all of that expense and audit did not reveal *a single specific instance of Altman Defendants' alleged fraud?*

Ford's general allegations against the Altman Defendants make clear that it has been aware of these facts since 2017, and has been fighting the fee applications using "line by line" analysis for years. After reading Ford's opposition in each of those cases, many of which are many years ago, the courts have "necessarily decided" the appropriate amount of the fee. This court should not re-litigate those claims, and instead should dismiss the complaint against the Altman Defendants.

## II.   STATEMENT OF FACTS

Ford alleges Defendant Bryan Altman and the Altman Law Group (collectively the "Altman Defendants") were involved in five cases, one of which does not even involve Ford.

### 1.   *Margeson* (12/15/2017 – 2/1/2018)

On December 15, 2017, the Altman Defendants and Defendant Knight Law Group submitted their application for attorney's fees in *Margeson v. Ford Mortor Company* (Case No. BC549430). ECF No. 1, ¶56. Ford alleged, in Exhibit C to the complaint, that mail service of this motion is proof of "selected violation" of mail fraud. ECF No. 1-3, Entry No. 1. This case was filed in Los Angeles County. *Id*.

The state court awarded attorney's fees on February 1, 2018, reducing the requested attorney's fees. *Id.* ("KLG sought $523,494.00 in fees, and ALG sought $353,205 in fees. […] the court awarded $741,839.70 in total attorney's fees.").

### 2.   *Brown* (11/21/2018 – 1/9/2019)

The second case alleged in Ford's complaint is *Brown v. Ford Motor Company* (Case No. 160060). ECF No. 1, ¶55. This case was filed in Butte County Superior Court. *Id*. Altman Defendants and Defendant Knight Law Group submitted

KLINEDINST PC
501 WEST BROADWAY, SUITE 1100
SAN DIEGO, CALIFORNIA 92101

their application for attorney's fees on Nov. 21, 2018. *Id*. Ford's complaint conveniently left out the fact that, on January 9, 2019, the court awarded attorney's fees after reviewing Ford's "line-by-line analysis" of the billing and adjusted some of the hours in its ruling. *See* Altman Defendants' Request for Judicial Notice in Support of Motion to Dismiss Complaint ("RJN"), filed concurrently, Ex. A.

3.  *Coon* (2/4/2019 – 4/4/2019)

Ford then alleges that in *Coon v. Ford Motor Company* (Case No. MCC1300767), ALG and Knight Law Group submitted their application for attorney's fees on Nov. 21, 2018. ECF No. 1, ¶54. This case was filed in Riverside County Superior Court. *Id*. Ford did not mention it opposed the motion for attorney's fees, and the issue was necessarily litigated and decided in that proceeding. RJN, Ex. B. The court awarded attorney's fees against Ford after hearing on the motion, reducing the requested sum for attorney's fees. ECF No. 1, ¶54 ("KLG requested $866,754.00 […] the court awarded KLG $543,554.00 in attorney's fees.").

4.  *Volkswagen* (8/5/2020 – 9/8/2020)

Ford also tries to use a case where the Altman Defendants filed against **Volkswagen** as support of Ford's RICO claims. ECF No. 1, ¶44. On August 5, 2020, Altman Defendants submitted a declaration in support of plaintiff's motion for attorney's fees in *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 3:15-md-02672-CRB, N.D. Cal. (filed on Dec. 8, 2015). *See* RJN, Ex. C. This case was filed in the Northern District Court of California. On September 8, 2020, after careful review of every document supporting the motion, opposition, and reply, the court issued an order granting in part and denying in part. *Id*. On September 23, 2020, Altman Defendants, Defendant Knight Law Group, and Volkswagen entered a joint stipulation to attorney's fees. *Id*.

Ford was never a party to this lawsuit, but apparently someone else's case is the best Ford can do against the Altman Defendants.

5. *Berroteran (5/20/2022 – 7/14/2022)*

Lastly, Ford cited *Berroteran v. Ford Motor Company* (Case No. BC542525). ECF No. 1, ¶53. This case was filed in Los Angeles County Superior Court. *Id*. On May 20, 2022, Knight Law Group applied for attorney's fees. *Id*. The court awarded attorney's fees against Ford on July 14, 2022, reducing the requested attorney's fees. *Id*. ("KLG sought $1,226,868.45 in attorney's fees, costs, and expenses […] The court issued a minute order on July 14, 2022, awarding $807,127.50 in attorneys' fees only.").

One fact Ford only mentioned *passim* in the complaint, but alleged as proof of mail or wire fraud in Exhibit C to the complaint, is the January 7, 2022 email by the Altman Defendants to Ford's outside counsel. ECF 1-3, Entry No. 35. In this email, Ford's outside counsel agreed to settle the Altman Defendants' fee claims by paying the Altman Defendants in three cases: *Berroteran*, *Brown*, and *Coon*. *Id*. This is three of the five cases Ford alleged against the Altman Defendants in its complaint.

## III. FORD'S RICO CLAIMS AGAINST ALTMAN FAIL AS A MATTER OF LAW

Even viewed in a light most favorable to the plaintiff, Ford's claims fail because they are barred for various dispositive reasons. Those are set forth in the KLG Motion, but a few apply with further force as to the Altman Defendants. Most significantly, the allegations against the Altman Defendants are sparse, and finding those requires a magnifying glass. Neither did Ford even attempt to meet the RICO standard or plead the necessary elements. Second, the RICO claims as alleged against the Altman Defendants are barred by the four-year statute of limitation because the motions for attorney's fees in four of these cases were filed and adjudicated in or before 2020. The only one that was not was settled by Ford after court's order granting attorney's fees occurred in 2022. Last, Ford's claims are barred by issue and claim preclusion because the alleged fee-inflation was squarely in front of the state court when awarding attorney's fees to the Altman Defendants.

### A. Ford's RICO Claims Against Altman Lack Substance, Let Alone Specificity

Ford's claims against the Altman Defendants would not pass muster under the most lenient pleadings standard, let alone Federal Rule of Civil Procedure 9(b). Other than generalities to start the complaint, Bryan Altman individually is mentioned *just three times* in the complaint, ECF No. 1, ¶¶ 44, 55, and 56, one of which relates to a case Ford was not even involved in. Ford's complaint only alleges that Mr. Altman had submitted fee applications, not that he conducted the affairs of an enterprise or engaged in a pattern of—anything. In fact, there is no factual allegation suggesting that those fee applications were in any way wrong or misrepresented the hours incurred by Mr. Altman. It is absurd to suggest that such a cursory mention would sufficiently plead a RICO claim.

The term "ALG" is alleged just a few more times, all of which related to filing fee applications and being paid. Submitting a fee application and having it approved is not tortious in any event, much less a pattern of racketeering activity as required by RICO, and detailed in the KLG Motion. Whatever the court might conclude with respect to the other defendants, there is no dispute that the allegations as to the Altman Defendants are woefully inadequate. And after a "tremendous[ly] expensive" audit involving "thousands of hours," one wonders if the pleading even meets the rigors of Federal Rule of Civil Procedure 11. Or if perhaps the uniquely large trial verdicts the Altman Defendants have obtained against Ford are more the impetus for the claim against them.[1]

To state a claim under 18 U.S.C. § 1962(c), Ford must allege that *each defendant*—including the Altman Defendants—(i) conducted the affairs (ii) of an

---

[1] In 2018, Bryan Altman secured three of the highest consumer protection verdicts against Ford. *See Nolan v. Ford*, Case No. RIC1307491, Riverside Cnty. Superior Court (filed on Jun. 28, 2013) (judgment entered in the amount of $8,244,269.82); *Brown* (judgment entered in the amount of $7,689,564.84); and *Coon* (judgment entered in the amount of $1,599,525.00).

enterprise (iii) through a pattern (iv) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The plaintiff only has standing if it has been injured in its business or property by the conduct constituting the violation. *Id*. To establish the second element, a plaintiff must plead that the enterprise has (a) a common purpose, (b) a structure or organization, and (c) longevity necessary to accomplish the purpose. *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). The fourth element requires predicate acts, and if the alleged predicate acts are mail and wire fraud, a plaintiff needs to allege (a) the formation of a scheme to defraud, (2) the use of mails or wires, and (3) the specific intent to defraud. *Id*.

RICO requires a plaintiff to show that the defendant committed at least two predicate acts of racketeering in a ten-year period. 18 U.S.C. § 1961(5). However, courts generally require more than two isolated acts. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237-39 (1989) (two is necessary but may not be sufficient).

Here, after removal of Ford's conclusory statements of law from the complaint, Ford's RICO claims against the Altman Defendants consist of (1) the Altman Defendants moved for attorney's fees, (2) the court(s) ruled on the motion, (3) the Altman Defendants reached a settlement agreement with Ford on attorney's fees that it received judgments on, and (4) Ford mailed or wired payments according to the settlement agreement or court order. These allegations are woefully insufficient to charge the Altman Defendants of any wrongful acts.

First, Ford fails to iterate any instance where the Altman Defendants allegedly "file[d] false billing records indicating that individual attorneys worked more than 24 hours a day on numerous occasions" as Ford alleged against other Defendants. ECF No. 1, ¶28. Second, the Altman Defendants' settlement agreement with Ford defeats Ford's allegation of common purpose and specific intent to defraud. If the Altman Defendants were acting in an enterprise under an "informal governing structure" led by "Defendants Mikhov and KLG," by entering into a settlement

agreement with Ford *without the other Defendants* undercuts the common purpose of the alleged fraudulent billing. ECF No. 1, ¶68. Third, only one fee application occurred after May 21, 2021 (*Berroteran*); in order to plead a pattern of racketeering activities, Ford has to plead at least another act, however, all the other cases are barred by the statute of limitations. See *infra.*

### B. Ford's RICO Claims Are Barred by the Four-Year Statute of Limitation.

The US Supreme Court has enforced a uniform four-year statute of limitation on RICO claims under § 1964(c) and (d). *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 156 (1987). The Supreme Court in *Rotella* eliminated the Circuit split on whether pattern or injury discovery rule applies to the appropriate time of accrual, and held that the RICO limitations period based on constructive knowledge began when the plaintiff knew or should have known his injury. *Rotella v. Wood*, 528 U.S. 549, 553-54 (2000). The Ninth Circuit has followed this injury discovery rule before Supreme Court's decision in *Rotella*. *Evans v. Ariz. Cardinals Football Club, LLC*, 761 F. App'x 701, 703 (9th Cir. 2019).

Ford filed this action on May 21, 2025, alleging only two RICO claims. The four-year statute of limitation on RICO claims bars any claim arose before May 21, 2021. In three out of four cases Altman Defendants had against Ford (*Margeson*, *Brown*, *Coon*), the motion for attorney's fees was filed and adjudicated years before May 21, 2021. As Ford alleged itself, "[o]ver the past ten years, Defendants have submitted fee applications seeking payment from Ford[.]" ECF No. 1, ¶25. Ford's own exhibit alleged that Ford received mail service of Defendant Bryan Altman's declaration of attorney's fees on December 15, 2017. ECF No. 1-3, Entry No. 1. It's clear that Ford first discovered its injury on December 15, 2017, and the injury discovery rule bars Ford's RICO claims against the Altman Defendants.

Even under pattern discovery rule, Ford's RICO claims are still barred. Other than the 2017 motion, the second alleged fraudulent fee application happened on

Nov. 21, 2018, awarded on Jan. 9, 2019; the third application on Feb. 4, 2019, awarded on Apr. 4, 2019. In each of these cases, Ford was represented by counsel, fully opposed the application, and the court awarded attorney's fees after a hearing.

All but one of the cases where Ford alleges the Altman Defendants engaged in fraudulent fee applications to the court are barred by the four-year statute of limitation. The last is a settlement where—apparently—Ford seeks judicial intervention to ameliorate its fully-informed choice to settle with Altman Defendants. That act cannot possibly form any basis of a RICO claim.

### C. Ford's RICO Claims Are Barred by Claim and Issue Preclusion

A federal court is required under 28 U.S.C. § 1738 to look to the preclusion law of the state court that rendered the earlier judgments to determine whether subsequent federal litigation is precluded. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1143 (9th Cir. 2004). A court may give preclusive effect to an order awarding attorney's fees if the prerequisite of awarding attorney's fees was squarely before the court. *In re Hughes*, 347 F. App'x 359, 361 (9th Cir. 2009) (finding the bankruptcy court properly gave preclusive effect to the state court order in finding willful and malicious conduct because the statutory prerequisite of awarding attorney's fees is plaintiff's lawsuit is deemed unreasonable, frivolous, meritless, or vexatious).

In awarding the Altman Defendants attorney's fees, a court is required to consider the reasonableness and time actually spent in the underlying litigation. *See* Cal. Civ. Code §1794(d). The courts universally adjusted the requested attorney's fees after careful deliberation delineated in the final attorney's fee awards. In *Brown*, the court particularly noted in it's minutes that it had reviewed Ford's "line-by-line analysis" of the billing and adjusted some of the hours and rates. *Id*.

This court should give preclusive effect to the four state court orders awarding attorney's fees because the reasonableness and actual time spent in those cases were squarely in front of the court as required by statute.

## IV. CONCLUSION

In addition to the grounds for dismissal incorporated by reference in the KLG Motion, Ford's complaint should be dismissed against the Altman Defendants because it does not even *attempt* to state the elements of a RICO claim against them, despite a thousand-hour audit. Moreover, the four-year statute of limitation bars its RICO claims for Altman in particular, as the complaint alleges just one act within the limitations period. Last, the doctrines of issue and claim preclusion bar relitigation of the reasonableness and actual time spent in state court's awards of attorney's fees. The court should dismiss Ford's complaint against the Altman Defendants now, and with prejudice.

KLINEDINST PC

DATED: July 25, 2025    By:    */s/ Yumeng Jiang*
                               Gregor A. Hensrude
                               Yumeng Jiang
                               Attorneys for Defendants THE ALTMAN
                               LAW GROUP and BRYAN C. ALTMAN

FORD_ MTD 12(b)(6)- GAH edits(26801171.1)
FORD_ MTD 12(b)(6)- GAH edits(26801171.1)