**MILBANK LLP**
Neal K. Katyal (admitted *pro hac vice*)
nkatyal@milbank.com
1850 K Street, NW, Suite 1100
Washington, D.C. 20003
Telephone: (202) 835-7505

Matthew Laroche (admitted *pro hac vice*)
mlaroche@milbank.com
55 Hudson Yards, 34th Floor
New York, NY 10001-2163
Telephone: (212) 530-5688

*Attorneys for Defendants Knight Law Group LLP, Steve B. Mikhov, Amy Morse, Roger Kirnos, and Dorothy Becerra*

[counsel caption continued on following page]

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FORD MOTOR COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KNIGHT LAW GROUP LLP; STEVE B. MIKHOV; AMY MORSE; ROGER KIRNOS; DOROTHY BECERRA; THE ALTMAN LAW GROUP; BRYAN C. ALTMAN; WIRTZ LAW APC; and RICHARD M. WIRTZ,<br><br>Defendants. | Case No. 2:25-cv-04550-MWC-PVC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KNIGHT LAW GROUP LLP, STEVE B. MIKHOV, AMY MORSE, ROGER KIRNOS, AND DOROTHY BECERRA'S MOTION TO STRIKE**<br><br>**[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]**<br><br>Hearing<br>Date: November 21, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. Michelle Williams Court<br>Court: 6A<br>Trial Date: None Set |

[counsel caption continued]

**WILLIAMS & CONNOLLY LLP**
Dane H. Butswinkas (admitted *pro hac vice*)
dbutswinkas@wc.com
Zachary K. Warren (State Bar No. 288398)
zwarren@wc.com
Elizabeth R. Peled (admitted *pro hac vice*)
epeled@wc.com
Hallie Saunders (admitted *pro hac vice*)
hsaunders@wc.com
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5252

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Aaron S. Dyer (State Bar No. 161798)
aaron.dyer@pillsburylaw.com
Ronald L. Cheng (State Bar No. 138892)
ronald.cheng@pillsburylaw.com
Lisseth A. Ochoa-Chavarria (State Bar No. 317130)
lisseth.ochoachavarria@pillsburylaw.com
725 South Figueroa Street, 36th Fl.
Los Angeles, CA 90017
Telephone: (213) 488-7100

*Attorneys for Defendants Knight Law Group LLP, Steve B. Mikhov, Amy Morse, Roger Kirnos, and Dorothy Becerra*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
KNIGHT LAW DEFENDANTS' MOTION TO STRIKE

## PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 12(f), Defendants Knight Law Group LLP ("Knight Law"), Steve B. Mikhov, Amy Morse, Roger Kirnos, and Dorothy Becerra (collectively the "Knight Law Defendants") respectfully submit this memorandum in support of their motion to strike allegations that are (i) ███████████████████████████████ ███████████; and (ii) barred by RICO's four-year statute of limitations.

## ARGUMENT

**I.   REFERENCES TO ███████████████████████████ SHOULD BE STRICKEN**

In response to Ford's initial complaint, the Knight Law Defendants filed a motion to dismiss arguing, *inter alia*, that Ford's claims were barred by the applicable statute of limitations. In its attempt to cure that fatal defect, Ford resorted to patently improper allegations repeated multiple times throughout its First Amended Complaint ("FAC"). Ford egregiously invaded ███████████████████ by inserting in the FAC second-hand characterizations of ███████████████████████████████████████████ ████████████████████████████████████████████ These communications are plainly inadmissible in this civil action. ████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████       █████████████████ ████████████████████████████████████████████ ██████████████████████ ▪ █████████████████████ ████████████████████████████████████████████

---

[1] ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

1 ████████████████████████████████████████
2 ████████████████████████████████████████
3 ████████████████████████████████████████
4 ██████████████████████████████
5       ████████████████████████████
6 ████████████████████████████████████████
7 ██████████████████████████  ██████████████
8 ████████████████████████████████████████
9 ███ ████████████████████████████████  ████
10 ████████████████████████████████████████
11 ████████████████████████████████████████
12 ████████████████████████████████████████
13 ██████

The FAC alleges that, ████████████████████████████ Ford learned of "formal statements" made by Knight Law's "representatives." FAC ¶ 26. In an improper attempt to address the pleading and statute of limitations arguments asserted in the first Motion to Dismiss, Ford repeatedly injected its second-hand characterizations of ████████████████████ into the FAC. *See id.* [2] Despite the intentional vagueness of the allegations, it is quite clear from the timing and language of the allegations that these references are Ford's characterizations of ████████████████████████████████

---

[2] *See also id.* ¶ 1 ("KLG representatives admitted in 2024"); ¶ 39 ("KLG's representatives confessed"); ¶ 40 ("including the statements of KLG's representatives"); ¶ 42 ("KLG's admission"); ¶ 46 ("consistent with KLG's statements"); ¶ 47 (same); ¶ 51 ("consistent with KLG's admission"); ¶ 53 ("particularly in light of the recent admission"); ¶ 56 ("in light of KLG's 2024 admission"); ¶ 58 ("which predated the time when KLG claims to have begun keeping contemporaneous time records"); ¶ 67 ("KLG has admitted"); ¶¶ 68-69 (same); ¶ 70 ("predated the time when KLG claims to have begun keeping contemporaneous time records"); ¶¶ 71-74 (same); ¶ 91 ("given KLG's admission").

Ford's lawyers have all but admitted that they knowingly injected their version of ██████████████████████ in the FAC. On September 5, 2025, counsel for Knight Law attempted to resolve this issue through the meet-and-confer process, and asked Ford's counsel what they meant by "formal statements" by Knight Law representatives. Cheng Decl. at ¶ 7. Ford's counsel refused to discuss those allegations. *Id*. When explicitly asked whether ████████████████████████████████████ Ford's counsel said, "heh," and then added that they were neither confirming or denying anything. *Id*. at ¶ 8.

The Court should strike all allegations based on ████████████████ including the allegations in paragraphs 1, 26, 39, 40, 42, 46, 47, 51, 53, 56, 58, 67, 68, 69, 70, 71, 72, 73, 74, and 91 of the FAC. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Courts routinely strike allegations in similar circumstances. *See, e.g.*, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

If the Court finds Ford's references are not clear, the Court should require Ford's counsel to explain what "formal statements" they are referencing, including the "who, what, when, where and how"; and whether they had that information when they drafted the

original Complaint but decided not to use it.[3] If these allegations are based on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the allegations should be stricken.

## II.  FORD'S TIME-BARRED ALLEGATIONS SHOULD BE STRICKEN

The statute of limitations for RICO actions is four years. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). Ford's original Complaint was time-barred. *See* Dkt. 65-1 at 37-41.

Now, Ford has attempted to cure that defect primarily by relying on the same ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ addressed above. *Compare* Complaint ¶¶ 53-57 *with* FAC ¶¶ 70-74. Such improper and inadmissible allegations cannot save Ford's time-barred claims. Instead, the focus should be on whether the remaining allegations are time-barred *after* the ▮▮▮▮▮▮▮▮▮▮ allegations are struck. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). The Court should strike the remaining time-barred allegations in Ford's Complaint pursuant to Rule 12(f). *See Tounget v. City of Hemet*, 2009 WL 536835, at *14 (C.D. Cal. Feb. 24, 2009) ("A court may strike surplusage or time-barred allegations in the complaint pursuant to Fed. R. Civ. P. 12(f).").

Accordingly, Knight Law respectfully requests that the Court strike each of these portions of the FAC: Paragraphs 5, 36, 37, 38, 40, 41, 43, 44, 45, 46, 47, 52, 53, 58, 59, 62, 67 & n.4, 68, 69, Exs. A, B, & C.

## CONCLUSION

Based on the foregoing, the Knight Law Defendants respectfully request that the Court strike the paragraphs described above.

---

[3] Defendants are not now seeking relief beyond its request to dismiss or strike. If the Court finds that Ford and/or its counsel knowingly and intentionally used information ▮▮▮▮▮▮▮▮▮▮▮▮ Defendants may seek further relief, including dismissal, discovery, disqualification, or other relief to purge the taint of this protected information.

DATED: September 12, 2025

MILBANK LLP

By: */s/ Matthew Laroche*

Attorneys for Defendants Knight Law Group LLP, Steve B. Mikhov, Amy Morse, Roger Kirnos, And Dorothy Becerra

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Aaron S. Dyer*

Attorneys for Knight Law Group LLP, Steve B. Mikhov, Amy Morse, Roger Kirnos, And Dorothy Becerra

WILLIAMS & CONNOLLY LLP

By: */s/ Zachary Kent Warren*

Attorneys for Knight Law Group LLP, Steve B. Mikhov, Amy Morse, Roger Kirnos, And Dorothy Becerra

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Matthew Laroche, attest under penalty of perjury that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: September 12, 2025                /s/ Matthew Laroche