**KASOWITZ LLP**
Daniel A. Saunders (SBN 161051)
DSaunders@kasowitz.com
Matthew S. Manacek (SBN 312834)
MManacek@kasowitz.com
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:  (424) 288-7900
Facsimile:   (424) 288-7901

Edward E. McNally (admitted *pro hac vice*)
EMcNally@kasowitz.com
Daniel J. Fetterman (admitted *pro hac vice*)
DFetterman@kasowitz.com
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1715
Facsimile:   (212) 506-1800

*Attorneys for Plaintiff Ford Motor Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORD MOTOR COMPANY, a Delaware Corporation,<br><br>                  Plaintiff,<br><br>     vs.<br><br>KNIGHT LAW GROUP LLP; STEVE B. MIKHOV; AMY MORSE; ROGER KIRNOS; DOROTHY BECERRA; THE ALTMAN LAW GROUP; BRYAN C. ALTMAN; WIRTZ LAW APC; and RICHARD M. WIRTZ,<br><br>               Defendants. | Case No: 2:25-cv-04550-MWC-PVC<br><br>**PLAINTIFF'S OPPOSITION TO KNIGHT LAW DEFENDANTS' MOTION TO STRIKE**<br><br>**[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]**<br><br>Date:       November 21, 2025<br>Time:      1:30 PM<br>Courtroom: 6A<br>Judge:   Hon. Michelle Williams Court<br><br>Trial Date: None Set |

1

# TABLE OF CONTENTS

2

**Page(s)**

3

INTRODUCTION ................................................................................................ 6

LEGAL STANDARD ........................................................................................ 7

ARGUMENT .................................................................................................... 8

I.         THE CHENG DECLARATION SHOULD BE DISREGARDED .......... 8

II.        DEFENDANTS' MOTION TO STRIKE BASED ON ███████
           ████████████████        SHOULD BE DENIED ............................. 10

           A.        █████████████████████████████ ............. 10

           B.        Even if the Statements at Issue Fell Within the Scope of ████
                     ██, They Are Not Subject to a Motion to Strike ........................ 12

III.       DEFENDANTS' MOTION TO STRIKE BASED ON THE
           STATUTE OF LIMITATIONS SHOULD BE DENIED ....................... 14

IV.        DEFENDANTS' MOTION TO STRIKE SHOULD BE DENIED
           BECAUSE THEY HAVE FAILED TO IDENTIFY WITH
           SPECIFICITY THE ALLEGATIONS THEY SEEK TO HAVE
           STRICKEN ............................................................................................ 15

CONCLUSION .................................................................................................. 16

**PLAINTIFF'S OPPOSITION TO KNIGHT LAW DEFENDANTS' MOTION TO STRIKE**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. CBE Group, Inc.*,
  2011 WL 13355811 (N.D. Cal. Apr. 18, 2011)..................................................13

*Armstead v. City of Los Angeles*,
  66 F. Supp. 3d 1254 (C.D. Cal. 2014) ...................................................8

*Billberry v. City of Los Angeles*,
  2009 WL 10868786 (C.D. Cal. Nov. 12, 2009) ...................................................8

*Colombo v. Palo Alto Unified Sch. Dist.*,
  2025 WL 929955 (N.D. Cal. Mar. 27, 2025) .........................................16

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517
  (1994).........................................................................7

*Flores v. Emerich & Fike*,
  2008 WL 2489900 (E.D. Cal. June 18, 2008) ...................................................15

*Garedakis v. Brentwood Un. Sch. Dist.*,
  2015 WL 2453295 (N.D. Cal. May 22, 2015)...............................................13

*Garon v. Keleops USA, Inc.*,
  2025 WL 2522374 (N.D. Cal. Sept. 2, 2025)...............................................15

*Globefill, Inc. v. Elements Spirit, Inc.*,
  2010 WL 11458631 (C.D. Cal. June 22, 2010)...............................................14

*Holmes v. Elec. Document Processing, Inc.*,
  966 F. Supp. 2d 925 (N.D. Cal. 2013)...................................................7

*Ma v. San Francisco Estuary Institute*,
  2024 WL 2113862 (N.D. Cal. May 8, 2004).........................................13, 14

*Mattox v. Watson*,
  2007 WL 4200213 (C.D. Cal. Nov. 15, 2007) ...................................................8

*In re New Century*,
  588 F. Supp. 2d 1206 (C.D. Cal. 2008) ...................................................8

3

*Oman v. Davis Sch. Dist.*,
   2004 WL 724447 (D. Ut. Mar. 5, 2004) ............................................................. 13

*RDF Media Ltd. v. Fox Broadcasting Co.*,
   372 F. Supp. 2d 556 (C.D. Cal. 2005) ......................................................... 7, 8, 12

*S.G. v. Vagabond Inn Corp.*,
   2022 WL 22903718 (C.D. Cal. Mar. 2, 2022) .................................................. 13

*Straightshot Comm., Inc. v. Telekenex, Inc.*,
   2011 WL 1770935 (W.D. Wash. May 9, 2011) ................................................. 16

*Thompson v. Target Corp.*,
   2012 WL 12883954 (C.D. Cal. Aug. 2, 2012) ............................................. 12, 13

*United States v. Ahmed*,
   2006 WL 3210037 (D. Mass. Aug. 3, 2006) ...................................................... 11

*United States v. Clayton*,
   435 F.2d 1299 (9th Cir. 1970) .......................................................................... 11

*United States v. Doe*,
   655 F.2d 920 (9th Cir. 1980) ............................................................................ 11

*United States v. McTiernan*,
   2010 WL 11667960 (C.D. Cal. July 7, 2010) .................................................... 11

*United States v. Pantohan*,
   602 F.2d 855 (9th Cir. 1979) ...................................................................... 10, 11

*United States v. Troiano*,
   258 F. App'x 983 (9th Cir. 2007) ..................................................................... 11

*United States v. Zamastil*,
   550 F. App'x 446 (9th Cir. 2013) ..................................................................... 11

*Veasman v. Nuance Commc'ns, Inc.*,
   2022 WL 2964411 (C.D. Cal. June 29, 2022) ................................................... 14

*Wailua Assocs. v. Aetna Cas. and Sur. Co.*,
   183 F.R.D. 550 (D. Haw. 1998) ......................................................................... 8

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ............................................................................. 7

4

**PLAINTIFF'S OPPOSITION TO KNIGHT LAW DEFENDANTS' MOTION TO STRIKE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Statutes**

Federal Rule of  Civil Procedure 7(b)(1)(B), (C) ..................................................... 16

Federal Rule of Civil Procedure 12(f) ...................................................................... 7

Federal Rule of Evidence 410 ............................................................................. *passim*

**PLAINTIFF'S OPPOSITION TO KNIGHT LAW DEFENDANTS' MOTION TO STRIKE**

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendants Knight Law Group LLP ("KLG"), Steve B. Mikhov, Amy Morse, Roger Kirnos, and Dorothy Becerra (collectively, "Defendants") have moved to strike allegations in Plaintiff Ford Motor Company's ("Ford") First Amended Complaint ("FAC") that Defendants contend are ████████████████████ ████████ and/or barred by the statute of limitations (the "Motion"). The Motion is unfounded should be denied for any one of several independent reasons.

First, the Motion relies on the Declaration of Ronald L. Cheng ("Cheng Declaration"), which purports to set forth facts regarding his ████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████. Defendants' ████████ and statute of limitations arguments are based <u>exclusively</u> on the facts set forth in that declaration. The law is clear, however, that a motion to strike may be based only on the face of the complaint and matters of which the Court may take judicial notice. Accordingly, Mr. Cheng's declaration may not be considered and must be set aside, and without it Defendants' motion has no factual support whatsoever.

Even were the Court to consider the impermissible Cheng Declaration, Defendants fail to meet their burden. With regard to ███████, the allegations that Defendants seek to strike concern statements that—by Defendants' own account—were not ████████████████████████████████████████████████ ████████████████████. Moreover, even were the statements at issue ████████████ ████████ a host of decisions from district courts within the Ninth Circuit make clear that the Federal Rules of Evidence do not apply to pleadings and that evidentiary objections are therefore not the proper subject of a motion to strike under Federal Rule of Civil Procedure 12(f).

As for the statute of limitations, Defendants' argument is based exclusively on allegations being stricken under ████████, and it therefore fails for the same reasons.

6

1    Finally, even were this Court to accept any of Defendants' other arguments,

2    Defendants have failed to identify with specificity (*e.g.*, by quoted language or line

3    number) the allegations to be stricken, simply listing 31 entire paragraphs and three

4    entire exhibits that clearly include extensive allegations as to which Defendants raise no

5    dispute, sweeping in the unobjectionable and purportedly objectionable contents of the

6    FAC alike.  This Court should not have to assume the responsibility of wading through

7    the FAC and exhibits to try to guess at or identify what material is addressed by

8    Defendants' arguments and what is not.

9    For the foregoing reasons and those set forth below, Defendants' Motion should

10    be denied.

11    ## LEGAL STANDARD

12    Federal Rule of Civil Procedure 12(f) provides that the court "may order stricken

13    from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

14    scandalous matter."  Fed. R. Civ. Proc. 12(f); *see Fantasy, Inc. v. Fogerty*, 984 F.2d

15    1524, 1527 (9th Cir. 1993) ("Immaterial matter is that which has no essential or

16    important relationship to the claim for relief or the defenses being pleaded.  Impertinent

17    matter consists of statements that do not pertain, and are not necessary, to the issues in

18    question.") (internal quotations and citations omitted), *rev'd on other grounds*, 510 U.S.

19    517 (1994).  The categories of matters listed in Rule 12(f) are exclusive; thus, the only

20    matters that are subject to being stricken pursuant to a Rule 12(f) motion are those that

21    are an insufficient defense, redundant, immaterial, impertinent, or scandalous.

22    *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010).

23    "Motions to strike are generally disfavored and should not be granted unless the

24    matter to be stricken clearly could have no possible bearing on the subject of the

25    litigation … If there is any doubt whether the portion to be stricken might bear on an

26    issue in the litigation, the court should deny the motion."  *Holmes v. Elec. Document

27    Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (internal quotations and

28    citation omitted); *accord RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d

7

556, 561 (C.D. Cal. 2005) ("Before a motion to strike is granted the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed."); *Wailua Assocs. v. Aetna Cas. and Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998) ("If there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied.").  Moreover, "[i]n suits involving multiple and complex issues, greater latitude in pleading may be allowed, since impertinence may not be so clear." *Id.* at 554.

Defendants bear the burden to "clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice [Defendants]." *Mattox v. Watson*, 2007 WL 4200213, at *2 (C.D. Cal. Nov. 15, 2007). As with a motion to dismiss under Rule 12(b)(6), the court must view the complaint in the light most favorable to the nonmoving party—here, Ford. *Billberry v. City of Los Angeles*, 2009 WL 10868786, at *8 (C.D. Cal. Nov. 12, 2009); *RDF Media Ltd.*, 372 F. Supp. 2d at 561.

In addition, and separately from the above, "[f]or a motion to strike to be granted, ***the grounds for the motion must appear either on the face of the complaint or from matters of which the Court may take judicial notice***." *In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008) (emphasis added); *see Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1260, 1272-73 (C.D. Cal. 2014) (denying motion to strike where grounds were not clear on face of complaint); *Billberry*, 2009 WL 10868786, at *8 (citing several Central District of California cases for proposition that grounds for motion to strike must appear on the face of the attacked pleading or from matters of which the court may take judicial notice).

## ARGUMENT

### I.    THE CHENG DECLARATION SHOULD BE DISREGARDED

As noted above, and as a threshold matter, the applicable case law is clear and consistent that the grounds for a motion to strike must appear either on the face of the

**PLAINTIFF'S OPPOSITION TO KNIGHT LAW DEFENDANTS' MOTION TO STRIKE**

complaint or from matters of which the Court may take judicial notice.  The grounds are limited solely to those two sources.  Disregarding this unambiguous restriction, Defendants base their entire Motion on the claim that certain allegations in the complaint are precluded by ████████████████—a disputed claim for which Defendants rely solely on the Cheng Declaration's recounting of ████████████ ████████████████.  That declaration constitutes impermissible extrinsic evidence that may not be considered as a basis for granting the Motion.  As such, it should be disregarded.[1]

Nothing on the face of the FAC identifies ████████████████, much less supports Defendants' disputed contention that the referenced statements were made in ████████████████████.  Nor have Defendants asked the Court to take judicial notice of anything, and indeed there is nothing of which the Court could take judicial notice that would establish the purported facts on which their Motion depends.  Accordingly, once the impermissible extrinsic evidence is removed from consideration, as the law requires, Defendant's Motion fails in its entirety and should be denied without the need for any further analysis or consideration of the additional points below.

---

[1] The Cheng Declaration includes the strange assertion that, when asked during the parties' meet-and-confer whether the allegations in the FAC were derived from statements that Defendants' counsel ████████████, the undersigned counsel for Ford "responded by stating 'heh.'"  The undersigned counsel has no idea what "heh" means, if it differs in any way from "huh," "hey," or "hmm," or if what Defendants' counsel heard was a cough or throat-clearing.  To the extent that Defendants could potentially mean to suggest that counsel laughed at their request, the undersigned counsel assures the Court he did no such thing and rather simply conveyed Ford's position that a meet-and-confer on Rule 12 motions was not the appropriate time or forum for any party to conduct discovery.

9

## II. **DEFENDANTS' MOTION TO STRIKE BASED ON ███████████ ████████████████ SHOULD BE DENIED**

Even if Defendants' improper extrinsic evidence (in the form of the Cheng Declaration) were somehow to be legally eligible to be considered by the Court, Defendants' request to strike allegations as violative of ██████ nevertheless still fails because (1) Defendants have failed to establish that the statements referenced in the subject allegations are ███████████ (indeed, the Cheng Declaration conclusively establishes that they are not), and (2) even if the statements were somehow protected, a motion to strike is not the proper vehicle to address them because the Federal Rules of Evidence do not apply to pleadings.



The Ninth Circuit has held that a statement falls ████████████████

**PLAINTIFF'S OPPOSITION TO KNIGHT LAW DEFENDANTS' MOTION TO STRIKE**

1

2

3

4

5

6

7

8

9

10

11    Here, according to the Cheng Declaration, defense counsel's "objective" in

12

13    (Cheng

14    Declaration, ¶ 3.)  That objective is the antithesis of the

15

16

17

18

19

20

21    .

22    Moreover, much about defense counsel's ██████████ is unaddressed

23    by the Cheng Declaration and remains unknown to the Court and to Ford.  For example,

24    was the

25

26

27

28

**PLAINTIFF'S OPPOSITION TO KNIGHT LAW DEFENDANTS' MOTION TO STRIKE**

1

2                                              . The existence of

3 these and other unresolved and potentially disputed facts shows exactly why motions to

4 strike are strictly limited to the face of the complaint and to matters that are subject to

5 judicial notice, and makes clear that this is not one of those rare situations where there is

6 "no set of circumstances" under which the allegations at issue could bear on any issue in

7 this lawsuit. *RDF Media Ltd.*, 372 F. Supp. 2d at 561.

8         **B.**     **Even if the Statements at Issue Fell Within the Scope of** ▮▮▮▮**, They**

9                 **Are Not Subject to a Motion to Strike**

10        Even had Defendants met their burden to show that the subject allegations

11 reference statements that are ▮▮▮▮▮▮▮▮—and they have not, with or without

12 the improper and impermissible Cheng Declaration—that would not support striking

13 any allegations in the FAC because ▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮

15       In ▮▮▮▮▮▮▮

16 ▮▮▮▮▮▮▮▮

17 ▮▮▮▮▮▮▮

18 ▮▮▮▮▮▮▮▮

19 ▮▮▮▮▮▮▮▮

20 ▮▮▮▮

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO KNIGHT LAW DEFENDANTS' MOTION TO STRIKE**

1 ███

2      Similarly, ███████████████████████████████████████

3 ████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████████

5 ██████████████████████████████████████████████████████████

6 ██████████████████████████████████████████████████████████

7 ██████████████████████████████████████████████████████████

8 ██████████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 ████████████████████████████████████.

15      The cases cited by Defendants (at 5:11-24) are distinguishable and do not compel

16 any different conclusion here. ██████████████████████████████████████

17 ██████████████████████████████████████████████████████████

18 ██████████████████████████████████████████████████████████████

19 ███████████████████████████████████. Accordingly, the court had no

20 reason to consider—and did not discuss—whether the motion to strike was premature,

21 or whether the Federal Rules of Evidence apply to pleadings. Indeed, the court's entire

22 analysis focused on the *admissibility* of the evidence in connection with the motion *in*

23 *limine*, with the striking of the corresponding allegations constituting a one-sentence

24 afterthought following a determination that the evidence was inadmissible. *Id.* at *3.

25      In ███████████████████████████████████████████

26 ██████████████████████████████████████████████████████████████

27 ██████████████████████████████████████████████████████████

28 ██████████████████████████████████████████████████████████

**PLAINTIFF'S OPPOSITION TO KNIGHT LAW DEFENDANTS' MOTION TO STRIKE**



Here, the record is clear and ambiguous that Ford has not sought to introduce evidence of ████████████████████████████.  Rather, Ford expects that discovery will provide admissible evidence of the underlying facts acknowledged by the statements alleged in the FAC, including that KLG did not create or maintain contemporaneous attorney or other time billing records until at least 2018.  In the meantime, the allegations in the FAC regarding the statements at issue are just that—allegations, not evidence—and there is no reason or legal basis for them to be struck.

## III.   DEFENDANTS' MOTION TO STRIKE BASED ON THE STATUTE OF LIMITATIONS SHOULD BE DENIED

Defendants' entire argument in support of striking 19 entire paragraphs and three entire exhibits (including the exhibit that identifies all alleged predicate racketeering acts) from the FAC consists of three sentences claiming that those paragraphs and exhibits are somehow time-barred once the allegations that Defendants (wrongly) claim are ████████████ are stricken.  (Motion at 6.)  Defendants fail to provide the Court with any analysis, explanation, or authorities as to why any particular allegation that it seeks to strike would somehow be time-barred.  Nor do Defendants acknowledge the

well-settled rule that predicate acts occurring outside the four-year limitations period may nonetheless be used to prove a pattern of racketeering activity. *See, e.g.*, *Flores v. Emerich & Fike*, 2008 WL 2489900, at *26 (E.D. Cal. June 18, 2008) ("An act may serve as a predicate act if it falls within ten years of another predicate act even if the act does not fall within the statute of limitations.").

Because Defendants have failed to meet their burden on their ███████ argument (with or without the impermissible Cheng Declaration), and because they fail to make any showing whatsoever of why the allegations that they seek to strike would be time-barred, Defendants' makeweight argument regarding the statute of limitations should also be rejected. *See Garon v. Keleops USA, Inc.*, 2025 WL 2522374, at *1 n.3 (N.D. Cal. Sept. 2, 2025) (declining to address on motion to dismiss "throwaway arguments and bare assertions made only in passing").

## IV.    <u>DEFENDANTS' MOTION TO STRIKE SHOULD BE DENIED BECAUSE THEY HAVE FAILED TO IDENTIFY WITH SPECIFICITY THE ALLEGATIONS THEY SEEK TO HAVE STRICKEN</u>

Finally, even were Defendants somehow to withstand the myriad other procedural and substantive deficiencies of their Motion, as listed above, the Motion should be denied because Defendants also entirely fail in their obligation to identify with specificity the material that they ask to be stricken. As to both their baseless ███████ arguments and their "throwaway" arguments on the statute of limitations, Defendants simply identify a laundry list of 31 entire paragraphs and three entire exhibits, making no effort whatsoever to identify for the Court the specific quoted language or line numbers containing the allegedly objectionable material. Yet on the face of the FAC, it is undisputable that those paragraphs and exhibits contain allegations and material that plainly have nothing to do with ███████████ and that plainly do not fall outside the four-year statute of limitations. Even if Defendants' arguments to strike allegations had any merit—and they do not—the applicable rules do not task the Court or the Plaintiff with the burden of compensating for Defendants' failure by parsing

through 31 paragraphs of allegations and 36 pages of exhibits (spreadsheets containing a total of 1,150 items) to try to ascertain what material might be subject to Defendants' objections and what might not.  *See Colombo v. Palo Alto Unified Sch. Dist.*, 2025 WL 929955, at *12 (N.D. Cal. Mar. 27, 2025) (denying motion to strike where defendants failed to identify the specific allegations they asked the court to strike); *Straightshot Comm., Inc. v. Telekenex, Inc.*, at *3 (W.D. Wash. May 9, 2011) (motion to strike parts of pleading must be denied when moving party fails to specifically identify the portions to be stricken) (citing *McGorray v. O'Connor*, 87 F. 586 (9th Cir. 1898)); *see also* Fed. R. Civ. Proc. 7(b)(1)(B), (C) (motion must state with particularity the grounds for seeking the order and the relief sought).

### CONCLUSION

Any one of the above reasons by itself provides ample basis and authority for why the Court should rule against Defendants' unsupported and impermissible requests here.  When taken together, it is abundantly clear that Defendants' Motion to Strike should be denied in its entirety, and that—for purposes of evaluating Defendants' motions to dismiss and otherwise—the FAC should be assessed and reviewed in its entirety.

**PLAINTIFF'S OPPOSITION TO KNIGHT LAW DEFENDANTS' MOTION TO STRIKE**

1    Dated: September 26, 2025

2

3                                        KASOWITZ LLP

4                                        By: /s/ *Daniel A. Saunders*

5                                        Daniel A. Saunders
                                         Matthew S. Manacek
6

7                                        Edward E. McNally
                                         Daniel J. Fetterman
8
                                         *Attorneys for Plaintiff Ford Motor*
9                                        *Company*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO KNIGHT LAW DEFENDANTS' MOTION TO STRIKE**