# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    CV 25-4550 MWC (PVCx)                    Date:  November 18, 2025

Title        Ford Motor Company v. Knight Law Group LLP, et al.

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | CS 11/18/25 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Edward E. McNally | Matthew J. Laroche |
| Daniel A. Saunders | Zachary Kent Warren |
| Daniel J. Fetterman | Aaron S. Dyer |
| | Pamela Louise Johnston |

**PROCEEDINGS:  [IN CHAMBERS]  ORDER RE INFORMAL DISCOVERY CONFERENCE (Dkt. No. 136)**

On November 18, 2025, the Court conducted an informal discovery conference by Zoom on a dispute which arose between the parties.  (Dkt. No. 136)  During the conference, the parties addressed the following issues:

**Issue 1**:  Whether the Protective Order in this case should include a provision stating: "Ford can use Protected Material in any action in which Ford contests a fee application filed by or on behalf of Knight Law Group for the purpose of contesting such fee application to the same extent that Ford can use such Protected Material in this action."

**Issue 2**:  Whether the Protective Order should include a provision allowing a party to disclose Highly Confidential – Attorneys' Eyes Only material to, among others, Ford's in-house counsel and their support staff to whom it is reasonably necessary to disclose the information for the prosecution, defense, or attempted settlement of this action or whether such access should be available to a limited number of in-house counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    CV 25-4550 MWC (PVCx)                    Date:  November 18, 2025

Title        Ford Motor Company v. Knight Law Group LLP, et al.

 

For the reasons stated on the record, the Court denies Plaintiff's request to include the quoted language from Issue 1 in the protective order.  Both parties raised *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) to support their positions.  That case concerned the modification of an existing protective order.  Here, this Court is tasked with creating a new protective order, and, at this point, sees no need to carve out an entire portion of otherwise protected material that Plaintiff may use in collateral litigation without any form of review or showing of particularized need.

For the reasons stated on the record, the Court addresses Issue 2 by allowing Plaintiff to disclose Highly Confidential – Attorneys' Eyes Only material to no more than four individuals (attorneys or support staff) in Plaintiff's in-house counsel's office.

IT IS SO ORDERED.

| | 01:15 |
|---|---|
| **Initials of Preparer** | mr |