# EXHIBIT C

*Ford Motor Co. v. Knight Law Group et al.*: Complaint Exhibit C

**Specific Selected Violations of 18 U.S.C. §§ 1341, 1343 (Mail Fraud, Wire Fraud)**

| No. | From | To | Date | Format | Purpose | Description |
|---|---|---|---|---|---|---|
| 1 | Mirka Arellano KNIGHT LAW GROUP | Spencer P. Hugret GORDON & REES LLP | December 15, 2017 | Mail service of fraudulent fee application and supporting declarations | Securing funds to further fraudulent billing scheme | Motion for Attorney's Fees in Margeson v. Ford Motor Company, Los Angeles County Superior Court Case No. BC549430; supporting declarations of Steve Mikhov and Bryan Altman. |
| 2 | Spencer P. Hugret GORDON & REES LLP | Steve Mikhov KNIGHT LAW GROUP | July 24, 2018 | Payment via Mail | Securing funds to further fraudulent billing scheme | Buck v. Ford Motor Company, Stanislaus County Superior Court Case No. 2008745<br><br>Letter enclosing $135,500.00 check[1] from Ford to KLG |
| 3 | Ford Motor Company | Knight Law Group | August 15, 2018 | Payment via Mail | Securing funds to further fraudulent billing scheme | Duenas v. Ford Motor Company, Los Angeles County Superior Court Case No. BC638306<br><br>$12,405.20 check from Ford to KLG. |
| 4 | Nancy Perrelli GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP | Steve Mikhov KNIGHT LAW GROUP | October 1, 2018 | Payment via Mail | Securing funds to further fraudulent billing scheme | Duk v. Ford Motor Company, San Diego County Superior Court Case No. 2016-00012779<br><br>Letter enclosing $101,450.78 check from Ford to KLG. |

---

[1] All checks that any RICO Defendant received from Ford were issued in Michigan.

| 5 | Ford Motor Company | Knight Law Group | October 9, 2018 | Payment via Mail | Securing funds to further fraudulent billing scheme | Burgess v. Ford Motor Company, San Bernardino County Superior Court Case No. CIVDS1620111<br><br>Letter enclosing $10,675.16 check from Ford to KLG |
| --- | --- | --- | --- | --- | --- | --- |
| 6 | Ford Motor Company | Knight Law Group | October 12, 2018 | Payment via Mail | Securing funds to further fraudulent billing scheme | Orosco v. Ford Motor Company, Los Angeles County Superior Court Case No. BC638222<br><br>Letter enclosing $15,005.00 check from Ford to KLG |
| 7 | Nancy Perrelli GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP | Steve Mikhov, Esq. KNIGHT LAW GROUP, LLP | November 29, 2018 | Payment via Mail | Securing funds to further fraudulent billing scheme | Lehde v. Ford Motor Company<br><br>Letter enclosing $185,000 check from Ford to KLG |
| 8 | Bryan Altman ALTMAN LAW GROUP | Elizabeth McNulty EVANS, FEARS & SCHUTTERT LLP | January 7, 2022 | Email | Securing funds to further fraudulent billing scheme | Email correspondence between Altman and Ford outside counsel in which Ford agrees to settle ALG fee claims by paying ALG $300,000.00 in: (i) Berroteran v. Ford Motor Company, Los Angeles County Superior Court Case No. BC542525, (ii) Brown v. Ford Motor Company, Butte County Superior Court Case No. 160060, and (iii) Coon v. Ford Motor Company, Riverside County Superior Court Case No. MCC1300767 |
| 9 | Ford Motor Company | Dorothy Becerra KNIGHT LAW GROUP | March 2, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Coon v. Ford Motor Company, Riverside County Superior Court Case No. MCC1300767<br><br>$793,924.29 check from Ford to KLG. |

| 10 | Elizabeth McNulty EVANS, FEARS & SCHUTTERT LLP | Richard Wirtz WIRTZ LAW APC | May 11, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Anderson v. Ford Motor Company, San Joaquin County Superior Court Case No. 39-2013-00299512-CU-BC-STK.<br><br>$38,270.98 check from Ford to Wirtz Law. |
|---|---|---|---|---|---|---|
| 11 | Knight Law Group | Los Angeles Superior Court | May 20, 2022 | Electronic filing and service, as well as mail service, of fraudulent fee applications and supporting declaration | Securing funds to further fraudulent billing scheme | Motion for Attorney's Fees in Berroteran v. Ford Motor Company, Los Angeles County Superior Court Case No. BC542525; supporting declaration of Roger Kirnos |
| 12 | Ford Motor Company | The Altman Law Group | June 6, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Brown v. Ford Motor Company, Butte County Superior Court Case No. 160060<br><br>$300,000 check from Ford to ALG |
| 13 | Ford Motor Company | The Altman Law Group | June 16, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Coon v. Ford Motor Company, Riverside County Superior Court Case No. MCC1300767<br><br>$300,000 check from Ford to ALG. |
| 14 | Ford Motor Company | Knight Law Group | June 16, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Coon v. Ford Motor Company, Riverside County Superior Court Case No. MCC1300767<br><br>$709,004.12 check from Ford to KLG. |
| 15 | Ford Motor Company | The Altman Law Group | July 20, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Berroteran v. Ford Motor Company, Los Angeles County Superior Court Case No. BC542525 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | $300,000.00 check from Ford to ALG. |
| 16 | Spencer Hugret GORDON & REES LLP | Roger Kirnos KNIGHT LAW GROUP | July 25, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Margeson v. Ford Motor Company, Los Angeles County Superior Court Case No. BC549430.<br><br>Letter enclosing $136,744.53 check from Ford to KLG. |
| 17 | Ford Motor Company | Roger Kirnos KNIGHT LAW GROUP | July 25, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Brown v. Ford Motor Company, Butte County Superior Court Case No. 160060<br><br>$843,528.13 check from Ford to KLG |
| 18 | Ford Motor Company | Altman Law Group | July 26, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Anderson v. Ford Motor Company, San Joaquin County Superior Court Case No. 39-2013-00299512-CU-BC-STK.<br><br>$225,000.00 check from Ford to ALG. |
| 19 | Ford Motor Company | Knight Law Group | July 26, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Anderson v. Ford Motor Company, San Joaquin County Superior Court Case No. 39-2013-00299512-CU-BC-STK.<br><br>$813,544.48 check from Ford to KLG. |
| 20 | Spencer Hugret GORDON & REES LLP | Bryan Altman ALTMAN LAW GROUP | August 17, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Margeson v. Ford Motor Company, Los Angeles County Superior Court Case No. BC549430. |

| | | | | | | Ford check in the amount of $500,000.00 |
|---|---|---|---|---|---|---|
| 21 | Spencer Hugret GORDON & REES LLP | Roger Kirnos KNIGHT LAW GROUP | September 26, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Margeson v. Ford Motor Company, Los Angeles County Superior Court Case No. BC549430.<br><br>Letter enclosing $345,000 check from Ford to KLG. |
| 22 | Ford Motor Company | Roger Kirnos KNIGHT LAW GROUP | October 21, 2022 | Payment via Mail | Securing funds to further fraudulent billing scheme | Berroteran v. Ford Motor Company, Los Angeles County Superior Court Case No. BC542525<br><br>$851,493.51 check from Ford to KLG. |
| 23 | Ford Motor Company | Knight Law Group | February 8, 2023 | Payment via Mail | Securing funds to further fraudulent billing scheme | Anderson v. Ford Motor Company, San Joaquin County Superior Court Case No. 39-2013-00299512-CU-BC-STK.<br><br>$27,644.00 check from Ford to KLG. |
| 24 | Knight Law Group | Los Angeles Superior Court | November 29, 2023 | Electronic filing and service, as well as mail service, of fraudulent fee applications and supporting declaration | Securing funds to further fraudulent billing scheme | Motion for Attorney's Fees in Faulkner v. Ford Motor Company, Riverside County Superior Court Case No. RIC1709381 (transferred to JCCP 4856); supporting declaration of Roger Kirnos |
| 25 | Jacob Cutler | Ford's outside counsel | September 5, 2024 | Email | Securing funds to further fraudulent billing scheme | Cutler, copying numerous KLG attorneys, including Kirnos, sent ten fee statements to Ford's outside counsel, seven of which |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | contain time entries as far back as 2018 and include entries for time allegedly billed by, among others, Amy Morse, Kristina Stephenson-Chang, and Lauren Ungs. |
| 26 | Roger Kirnos | Ford's outside counsel | April 21, 2025 | Email | Securing funds to further fraudulent billing scheme | Kirnos, copying numerous KLG attorneys, sent three fee statements to Ford's outside counsel. |

**Specific Selected Violations of 18 U.S.C. § 1503 (Obstruction of Justice through Perjurious Declarations)**

| No. | Declarant | Date | Case | Docket No. | Description |
|---|---|---|---|---|---|
| 1 | Steve Mikhov | May 10, 2019 | *Negrete v. Ford Motor Company*, No. 5:18-cv-01972 (C.D. Cal.) | 34-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," "Draft Complaint," and "Draft NOD and Depo[sition] Subp[oena]" and entries for Mikhov reflecting eight tenths of an hour for "Initial communication with clients and evaluation of Clients' claims"— nearly identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 2 | Steve Mikhov | September 4, 2019 | *Kopa v. Ford Motor Company*, No. 2:18-cv-07663 (C.D. Cal.) | 15-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," and "Draft Complaint," and entries for Mikhov |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | reflecting exactly one hour for "Initial communication with client and evaluation of clients' claims"—identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov.  Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 3 | Steve Mikhov | September 20, 2019 | *Jameson v. Ford Motor Company*, No. 2:18-cv-01952 (C.D. Cal.) | 32-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," and "Draft Complaint," and entries for Mikhov reflecting exactly one hour for "Initial communication with client and evaluation of clients' claims"—identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov.  Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 4 | Steve Mikhov | September 30, 2019 | *Hellenberg v. Ford Motor Company*, No. 3:18-cv-02202 (C.D. Cal.) | 23-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," and "Draft Complaint," and entries for Mikhov reflecting exactly one hour for "Initial communication with Client and evaluation of clients' claims"—identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov.  Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 5 | Steve Mikhov | October 23, 2019 | *Flores v. FCA US LLC*, No. 1:17-cv-00427 (E.D. Cal.) | 84-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," and "Draft Objections [to Notice of Deposition]," and entries for Mikhov reflecting exactly one hour for "Initial communication with clients and evaluation of clients' claims"—identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 6 | Steve Mikhov | November 14, 2019 | *Munguia et. al. v. Ford Motor Company*, No. 2:18-cv-09008 (C.D. Cal.) | 28-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client" and "Draft Complaint," and entries for Mikhov reflecting nine tenths of an hour for "Initial communication with Clients and evaluation of Clients' claims"—nearly identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov.  Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 7 | Steve Mikhov | December 9, 2019 | *Arias v. Ford Motor Company*, No. 5:18-cv-01928 (C.D. Cal.) | 45-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | "Draft Complaint," and entries for Mikhov reflecting exactly one hour for "Initial communication with client and evaluation of client's claims"—identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 8 | Steve Mikhov | January 6, 2020 | *Pedante v. Ford Motor Company*, 2:17-cv-06656 (C.D. Cal) (a part of *In Re Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation*, No. 2:18-ml-02814 (C.D. Cal.) ("DPS6")[2]) | 70-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," and "Draft Complaint," and entries for Mikhov reflecting exactly one hour for "Initial communication with Client; Analyze Vehicle documentation"—the exact amount Elin Howard testified she would routinely input for this task without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 9 | Steve Mikhov | January 31, 2020 | *Martinez v. Ford Motor Company*, No. 1:18-cv-01607 (C.D. Cal.) | 25-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," "Draft Complaint," and "Draft Amended NOD and Depo Subp," and entries for Mikhov reflecting exactly one hour for "Initial communication with clients and evaluation of clients' claims"—identical to the amount Elin Howard testified |

---

[2] References to "*DPS6*" in the Docket No. column indicate that the declaration was filed on the docket for the MDL, No. 2:18-ml-02814 (C.D. Cal.). The declaration in *Pedante* was filed on its own docket rather than that for the MDL.

| | | | | | |
|---|---|---|---|---|---|
| | | | | | she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 10 | Steve Mikhov | February 14, 2020 | *Di Gioia v. Ford Motor Company*, No. 5:18-cv-01724 (C.D. Cal.) | 50-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," and "Draft Complaint," and entries for Mikhov reflecting exactly one hour for "Initial communication with client and evaluation of Client's claims"—identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 11 | Steve Mikhov | February 28, 2020 | *Milosevich v. Ford Motor Company*, No. 5:18-cv-02014 (C.D. Cal.) | 31-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client" and "Draft Complaint," and entries for Mikhov reflecting exactly one hour for "Initial communication with Client and evaluation of Clients' claims"—identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | entries to ensure that they appropriately reflect the time expended." |
| 12 | Steve Mikhov | March 2, 2020 | *Medina v. Ford Motor Company*, No. 2:29-cv-00078 (C.D. Cal.) | 32-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," "Draft Complaint," and "Draft NOD [Notice of Deposition]" and entries for Mikhov reflecting one hour (for each of the two plaintiffs) for "Initial communication with clients and evaluation of Clients' claims"— the exact amount Elin Howard testified she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 13 | Steve Mikhov | March 2, 2020 | *Foulkrod v. Ford Motor Company*, No. 5-18-cv-02613 (C.D. Cal.) | 40-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," and "Draft Complaint," and entries for Mikhov reflecting exactly one hour and two tenths of an hour for "Initial communication with client and analyze vehicle documentation"—nearly identical to the amount Elin Howard testified she would routinely input for a variation of this task without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 14 | Steve Mikhov | March 13, 2020 | *Scott v. Ford Motor Company*, No. 5:18-cv-02346 (C.D. Cal.) | 28-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," "Draft |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Complaint," and "Draft NOD and Depo[sition] Subp[oena]" and entries for Mikhov reflecting one hour for "Initial communication with clients and evaluation of Clients' claims"— identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 15 | Steve Mikhov | April 8, 2020 | *Arriaga v. Ford Motor Company*, No. 2:18-cv-09089 (C.D. Cal.) | 31-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," and "Draft Complaint," and entries for Mikhov reflecting exactly one hour for "Initial communication with client and evaluation of client's claims"—identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 16 | Steve Mikhov | April 27, 2020 | *Oakley v. Ford Motor Company*, No. 2:18-cv-07218 (C.D. Cal.) | 32-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," "Draft Complaint," and "Draft NOD and Depo[sition] Subp[oena]" and entries for Mikhov reflecting one hour for "Initial communication with clients and evaluation of Clients' claims"— identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 17 | Steve Mikhov | May 1, 2020 | *Carrera et. al. v. Ford Motor Company*, No. 2:18-cv-09781 (C.D. Cal.) | 13-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client" and "Draft Complaint," and entries for Mikhov reflecting around one hour for "Initial communication with clients and evaluation of clients' claims"—nearly identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 18 | Steve Mikhov | May 1, 2020 | *Bauman v. Ford Motor Company*, No. 2:18-cv-07971 (C.D. Cal.) | 52-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," and "Draft Complaint," and entries for Mikhov reflecting exactly one hour for "Initial communication with clients and evaluation of clients' claims"—identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |

| 19 | Steve Mikhov | May 4, 2020 | *Aispuro et. al. v. Ford Motor Company*, No. 3:18-cv-02045 (S.D. Cal.) | 37-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," and "Draft Complaint," and entries for Mikhov reflecting exactly one hour for "Initial communication with clients and evaluation of clients' claims"—identical to the amount Elin Howard testified she would routinely input without consulting with Mikhov.  Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 20 | Steve Mikhov | October 9, 2020 | *Fort v. Ford Motor Company*, No. 2:17-cv-06631 (C.D. Cal.), and *Bagwell v. Ford Motor Company*, No. 2:17-cv-06632 (C.D. Cal.) | DPS6 955-4 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," "Draft Complaint," and "Draft NOD [Notice of Deposition]" and entries for Mikhov reflecting one hour (for each of the two plaintiffs) for "Initial communication with client and evaluation of [c]lient's claims"— the exact amount Elin Howard testified she would routinely input without consulting with Mikhov. Mikhov declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 21 | Roger Kirnos | January 20, 2021 | *Fort v. Ford Motor Company*, No. 2:17-cv-06631 (C.D. Cal.), and *Bagwell v. Ford Motor Company*, No. 2:17-cv-06632 (C.D. Cal.) | DPS6 1042-1 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with Client," "Draft Complaint," and "Draft NOD," and entries for Mikhov reflecting one hour (for each of the two plaintiffs) for "Initial communication with |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Clients and evaluation of Clients' claims"—the exact amount Elin Howard testified she would routinely input without consulting with Mikhov. Kirnos declared that the time entries are "the actual time expended" and are "true and correct." |
| 22 | Roger Kirnos | April 7, 2023 | *Mejia v. Ford Motor Company*, 2:17-cv-06654 (C.D. Cal.) | DPS6 1457-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with client." Kirnos declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed," and that he "personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 23 | Roger Kirnos | September 11, 2024 | *O'Brien v. Ford Motor Company*, No. 2:24-cv-04969 (C.D. Cal.) | DPS6 1638-2 | Attaches as Exhibit B "attorney billings from Knight Law Group for work performed globally for cases in JCCP 4856." Exhibit B includes time entries for Amy Morse for tasks she testified she would not perform, including communications with opposing counsel and multiple in-person court appearances. Kirnos declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 24 | Roger Kirnos | September 11, 2024 | *Daggett v. Ford Motor Company*, No. 2:25-cv-04970 (C.D. Cal.) (DPS6) | DPS6 1640-2 | Attaches as Exhibit B "attorney billings from Knight Law Group for work performed globally for cases in JCCP 4856." Exhibit B includes time entries for Amy Morse for tasks she testified she would not perform, including communications with opposing counsel and multiple in-person court appearances. Kirnos declared that "[a]ll time billing entries were completed contemporaneously with each dated |

| | | | | | entry or near in time to the work performed" and that "he personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
|---|---|---|---|---|---|
| 25 | Roger Kirnos | April 30, 2025 | *Henderson v. Ford Motor Company*, 2:18-cv-01748 (C.D. Cal.) | DPS6 1831-2 | Includes numerous time entries for Amy Morse for tasks she testified she did not perform, including "Communication with client." Kirnos declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed," and that he "personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 26 | Roger Kirnos | April 30, 2025 | *Garant et. al. v. Ford Motor Company*, 2:18-cv-09126 (C.D. Cal.) | DPS6 1833-2 | Includes time entries for Amy Morse for tasks she testified she would not perform, including "Communication with client." Kirnos declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed," and that he "personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |
| 27 | Roger Kirnos | May 8, 2025 | *Bell v. Ford Motor Company*, 2:18-cv-01752 (C.D. Cal.) | DPS6 1840 | Includes time entries for Amy Morse for tasks she testified she would not perform, including "Communication with client." Kirnos declared that "[a]ll time billing entries were completed contemporaneously with each dated entry or near in time to the work performed," and that he "personally reviewed the billing entries to ensure that they appropriately reflect the time expended." |