# EXHIBIT D

1    **KNIGHT LAW GROUP, LLP**
2    Steve Mikhov (SBN 224676)
     stevem@knightlaw.com
3    Daniel Kalinowski (SBN 305087)
     danielk@knightlaw.com
4    10250 Constellation Blvd., Suite 2500
5    Los Angeles, California 90067
     Telephone: (310) 552-2250
6    Fax: (310) 552-7973
7
8    Attorney for Plaintiffs,
     ROBERTO ISLAS and
9    FERNANDO ISLAS
10
                  **UNITED STATES DISTRICT COURT**
11
                 **CENTRAL DISTRICT OF CALIFORNIA**
12
13
     ROBERTO ISLAS and FERNANDO          Case No: 5:18-cv-02221-GW-SP_
14   ISLAS,
                                          **DECLARATION OF STEVE**
15                                        **MIKHOV IN SUPPORT OF**
                 Plaintiffs,              **PLAINTIFFS' MOTION FOR**
16                                        **ATTORNEY FEES**
17        vs.
                                          [Filed concurrently with Plaintiffs'
18                                        Notice of Motion and Motion for
     **FORD MOTOR COMPANY, a**            Attorney's Fees, Costs and
19   **Delaware Corporation; and DOES 1**  Expenses; Memorandum in Support
     **through 10, inclusive**,           Thereof]
20
21               Defendants.             *Assigned for All Purposes to the*
                                         *Honorable George H. Wu*
22
23                                        Hearing Date:  September 13, 2021
24                                        Time:          8:30 a.m.
                                          Courtroom:     9D
25
26
27
28

     ─────────────────────────────────────────────────────
        DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
                    MOTION FOR ATTORNEY FEES

## <u>DECLARATION OF STEVE MIKHOV</u>

I, Steve Mikhov, declare as follows:

1.     I am an attorney at law duly licensed to practice before the courts of the State of California and attorney of record for Plaintiffs Robert Islas and Fernando Islas ("Plaintiffs") in the instant action.  I have personal knowledge of the following facts and, if sworn as a witness, I could and would testify to them competently.

2.     I make this declaration in support of Plaintiffs' Motion for Attorney Fees ("Motion").  For the reasons set forth herein and, in the Motion, Plaintiffs request $114,884.00 in attorney's fees for the legal services provided by Knight Law Group, LLP ("Knight Law").  A true and correct copy of my firm's billing is attached hereto as **Exhibit A**.

3.     On September 24, 2016, Plaintiffs purchased the Subject Vehicle for a cash price of $29,443.82 – adding taxes, fees, two service contracts, GAP insurance and finance charges on a several year loan, the total purchase price increased to a total of $38,853.28. See Dkt. No. 1, ECF pp. 17-18.  The vehicle was manufactured and distributed by Ford, which provided an express written warranty, and was sold and serviced by David Wilson's Villa Ford in Orange, California, a Ford-authorized sales and repair facility.

4.     Just six months into Plaintiffs' ownership of the Subject Vehicle, a recall was performed to the body control module. Roughly three months later, Plaintiffs experienced a malfunction when the check engine light turned on due to lack of power on account of an engine misfire. The Subject Vehicle was at Ford's authorized repair facility for around twenty-two days. Several months later, the check engine light came on again and Ford's authorize repair facility found oil leak from the engine. By this time, in the span of less than a year and early on in the warranty period, the Subject Vehicle was out of service for over thirty days for serious repairs and service.

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

5.      Despite the ongoing problems with the engine in the relatively short time span, Ford refused to acknowledge the defective nature of the Subject Vehicle and did not affirmatively offer to repurchase or replace it, as required by law. At all times, Ford had direct, contemporaneous knowledge of the vehicle's serious defects, which it records in a database called "OASIS" and its warranty repair history database. These repair records indicate each time the vehicle was presented for repair during the warranty period, as well as every time the Ford repair facility found a problem/defect attributable to Ford and billed Ford for the warranty related work.

6.      Frustrated, concerned for their safety, and having lost confidence in Ford's ability to repair the vehicle, Plaintiffs were forced to contact Ford's customer service center themselves and requested their Subject Vehicle be repurchased or replaced in early 2018. In response, instead of offering the total purchase price minus the statutory mileage offset allowed under the Song-Berverly Act ($34,204.81), Ford improperly offered to repurchase the Subject Vehicle for $31,474.81 deducting one of the two service contracts ($1,930.00) and GAP insurance ($800.00).

7.      Feeling cheated that the entire amount they purchased the Subject Vehicle for was not being reimbursed to them, Plaintiffs contacted Knight Law and told the firm about the problems with the vehicle and the way Ford treated them. After reviewing the repair history and discussions with Plaintiffs, my firm, Knight Law, agreed to represent them and bear the risk of litigating the case on a fully contingent basis. Because Knight Law's compensation was purely contingent, my firm faced a genuine risk of not being paid for its services for years, if at all, while advancing thousands of dollars in costs and expenses on Plaintiffs' behalf.  In taking on this duty, my firm was facing a litigation behemoth—Ford is a multi-billion-dollar company, with a virtually infinite litigation war-chest, that wages a battle of attrition that most firms cannot withstand.

8.      As a result of Ford's failure to fix the material defects associated with the Subject Vehicle, or otherwise comply with the Song-Berverly Act's affirmative

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

duty, which requires car manufacturers to repurchase qualifying vehicles *affirmatively* without merely sitting back and waiting for a consumer to ask for relief and improperly deduct reimbursable items from its pre-litigation "offer" in response to Plaintiffs' buyback request, Plaintiffs filed a Complaint in this action on September 18, 2018 in the San Bernardino County Superior Court. See Dkt. No. 1, ECF pp. 7-15. Plaintiffs' Complaint alleged violations of the Song-Berverly Act. *Id.*

9.     Ford then filed its Answer in state court denying all liability and asserting numerous affirmative defenses on or about October 17, 2018. See Dkt. No. 1, ECF pp. 33-39.  Further defiant in its acknowledgment that it manufactured and sold a "lemon," Ford removed this case to federal court the next day, on October 18, 2018 asserting diversity jurisdiction. See Dkt. No. 1, generally.

10.     On November 26, 2018, Knight Law began preparing the Joint Rule 26f Report as well as met and conferred with Ford's counsel regarding the Joint Report. See Dkt. No. 9. Subsequently, on December 10, 2018, the parties appeared at an Initial Scheduling Conference. See Dkt. No. 10.

11.     In January 2019, Ford propounded a set of written discovery requests upon each Plaintiffs which included interrogatories and requests for production. My firm dutifully analyzed each request, secured Plaintiffs' input, and drafted responses by March 2019. In the meantime, the parties exchanged deposition notices including Ford's notices of Plaintiffs' depositions and Plaintiffs' notices of Ford's person most knowledgeable ("PMK") and its dealership personnel who worked on the Subject Vehicle.

12.     Knowing from experience that Ford's position and strategy in this litigation would demand extensive efforts in response, written discovery was drafted and served on Ford in March 2019, consisting of requests for admissions, requests for production of documents, and interrogatories. Plaintiffs benefitted from Knight Law's expertise and experience in litigating against Ford as just 2.5 hours were billed for drafting the entirety of this written discovery. My firm is able to use existing files

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

as templates to conserve time and litigate efficiently. A set of written discovery requests drafted from scratch and without the benefit of my firm's vast knowledge, experience and specialized expertise, would have taken multitudes of the time expediently managed here.

13. On May 14, 2019, Plaintiffs prepared for and took the deposition of Ford's Person Most Knowledgeable Alyson Linda. That same month, Ford took the depositions of Plaintiffs. Prior to those depositions, my firm diligently prepared Plaintiffs.

14. On July 1, 2019, Ford filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction as to one of the Plaintiffs and Motion for Summary Judgment (the "MSJ"). See Dkt. No. 19. My firm immediately prepared the Opposition to Ford's MSJ including evidentiary objections, memorandum of points and authorities, supporting declaration and separate statement. On July 29, 2019, the parties appeared at the first hearing on Ford's MSJ. See Dkt. No. 27. At this hearing, the Court denied Ford's Motion to Dismiss for Lack of Subject Matter Jurisdiction as to one of the Plaintiffs but continued the hearing on the Motion for Summary Judgment Portion and ordered the parties to meet and confer as to settlement and prepare supplemental briefing. On September 9, 2019, the parties appeared at another hearing on Ford's MSJ. See Dkt. No. 38. The Court continued the hearing again pending determination of Ford's MSJ and another hearing was held on September 19, 2019. See Dkt. Nos. 38, 41. The Court continued the hearing ordering the parties to continue to meet and confer on settlement as well as submit a joint submission specifically as to whether the extended service contract deducted from Ford's pre-litigation offer was born of Ford or a third party. After the parties were unable to settle, they submitted a joint brief, and the Court held hearings on the MSJ on September 30, 2019 and a final hearing on October 17, 2019. See Dkt. No. 48. The Court granted in part and denied in part Ford's MSJ dismissing the civil

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

penalties alleged by Plaintiffs under the Song-Beverly Act for Ford's willfulness but leaving in the remainder of Plaintiffs' claims and damages. See Dkt. No. 52.

15.    On October 24, 2019 and December 5, 2019, after submitting a joint report to the Court, the parties appeared at status conferences ordered by the Court. See Dkt. Nos. 53, 56. As a result of those status conferences, the Court ordered the parties to a Mandatory Settlement Conference with the Honorable Magistrate Judge Kim which took place on January 23, 2020. See Dkt. No. 57. The case did not settle, and the parties continued to litigate and prepare for trial which, at that time, was set for June 30, 2020. See Dkt. No. 61.

16.    On May 28, 2020, the parties filed pre-trial documents including Motions in Limine and Memorandum of Contentions of Fact and Law. See Dkt. Nos. 64-72. My firm also prepared other trial documents in anticipation of trial including Exhibit List, Witness List, Jury Instructions, and Verdict Form. On June 1, 2020, the parties appeared at a Post-Mediation Status Conference, and the Court vacated the trial and related dates and ordered the parties to submit a joint report as to settlement or new scheduling. See Dkt. No. 74. Following the submission of the parties' joint report, the Court reset trial to October 27, 2020. *Id*; see Dkt. No. 76. My firm continued to prepare for trial and draft, amend and update trial documents, including Oppositions to Ford's Motions in Limine.

17.    On September 24, 2020 and October 1, 2020, the parties appeared at a Status Conferences. See Dkt. Nos. 79, 81. The parties continued to meet and confer as to settlement but were unable to reach a resolution, and Plaintiffs continued to prepare for trial. On January 28, 2021, the parties appeared at a Status Conference wherein trial and related deadlines were taken off calendar and the parties were ordered to file another joint report two days before the next scheduled Status Conference on March 18, 2021. See Dkt. Nos. 84, 86. At the March 18, 2021 Status Conference, a second settlement conference was scheduled to be held in front of the Honorable Magistrate Judge Steve Kim. See Dkt. No. 87.

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

18.     On May 5, 2021, the parties appeared at a settlement conference in front of the Honorable Magistrate Judge Steve Kim and the case settled. See Dkt. No. 97. On May 7, 2021, the parties executed a settlement agreement for $34,204.81 which constitutes a statutory buyback with a mileage offset – no deductions were made for the extended service contract or GAP initially deducted from Ford's pre-litigation offer. The settlement agreement provides that "Plaintiffs shall retain the right to petition the Court for an award of attorney's fees, costs and expenses, reasonably incurred in connection with the commencement and prosecution of this action pursuant to Civil Code, section 1794(d)" and "[i]n ruling on Plaintiffs' fee motion… fees, expenses and costs amount shall be calculated as if Plaintiffs were found to have prevailed in this action as of the date of this Offer." A true and correct copy of the executed settlement agreement is attached hereto as **Exhibit B.**

19.     Up until the May 5, 2021 settlement conference and subsequent settlement agreement, my firm served multiple written settlement offers on Ford, and the parties also met and conferred by phone on numerous occasions as to settlement as ordered by the Court. At no point in this action has Ford served a written settlement offer on my office, whether it be a Rule 68 Offer or another offer in exchange for dismissal.[1]

20.     This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place by email and phone between July 28, 2021 and August 10, 2021. The parties were unable to reach a resolution.

**Defendant Has Refused to Settle Attorney Fees/Costs/Expenses and Has Forced This Fee Motion to be Filed**

21.     Throughout my experience as an attorney in this area of law, I was routinely able to settle the matter of attorney's fees, costs and expenses without court

---

[1] My office does not disclose the specifics of these settlement discussions and negotiations in order to protect the confidentiality of settlement negotiations, some of which occurred prior to, during or subsequent to Court ordered settlement conferences with Magistrate Judge.

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

involvement. For most manufacturers, that remains to be true. However, while I do not have direct proof, it appears to me, and I infer that it not be coincidence, that a select few manufacturers represented by the same specific law firms have colluded to force my firm to file motions for attorney's fees in virtually every case instead of resolving the issue by agreement.

22. It is a policy of the law firm to settle our clients' claims before discussing settlement of attorney's fees, costs and expenses. We take this approach to avoid any possibility, or even the appearance, of a conflict of interest. Once the vehicle is surrendered and the client is paid, we discuss attorney's fees, costs and expenses with opposing counsel.

23. In 2016, the practice of settling fees changed completely, and in particular with Ford Motor Company. From 2007 until approximately the middle of 2016, I was typically able to settle attorney's fees with Ford. In 2015, I filed a <u>total</u> of 15 motions for attorney's fees all year. However, that all changed in mid-2016.

24. Since then, virtually every case concludes with a motion such as this. Even when the amount is relatively nominal, Ford refuses to engage in settlement. Ford appears to draw a "win" by trying to attack my firm and reduce our compensation rather than alleviating the burden and necessity of review of these matters. As it is now patently clear to me that Ford is unwilling to come to the table with realistic numbers to settle attorney's fees and costs, my firm has shifted focus to getting these unpaid matters to the courts, thereby increasing fees and clogging the already-busy courts with more work.

### Ford is a Staunch Defendant That Litigates More Aggressively Than Most Other Vehicle Manufacturers While Deceiving Consumers More Than Most Manufacturers

25. There are vehicle manufacturers with whom this firm has had exactly zero trials, zero discovery disputes, zero motions to compel, zero fee motions. Ford Motor Company is not one of them. Since 2012, the firm has tried 55 lemon law

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

1   cases.  One case ended in a hung jury and one case ended in a mistrial.  Taking those

2   two matters out, Knight Law and its trial attorneys have a win-loss record of 36 wins

3   and 17 losses.  This amounts to nearly a 70% winning percentage in trials.  Of those

4   55 trials, Ford makes up 14 of them.  <u>In other words, Ford alone comprises 25% of</u>

5   <u>all of the cases that go to trial</u>.  Of the 14 trials prosecuted against Ford, the firm has

6   prevailed in 9 of them.

7          26.     During the course of my years in practice, I have successfully pursued

8   evidence during discovery that has proven damaging to the Ford.  For example, Ford

9   was compelled to produce 35,000 pages of training materials from its customer

10  service call center.  The production of these documents came only after Ford's

11  representatives claimed for years that no such training materials existed, and

12  perjured themselves in declarations opposing motions to compel.  It was only once

13  I flew to Melbourne, Florida to depose Abe Bush, one of Ford's customer service

14  agents, during which he admitted that he had use of training materials.  Based on

15  that information, I pursued court orders to compel the materials.  Ford's then-

16  counsel, having denied the existence of training materials in countless declarations,

17  flipped the opposition and claimed "it was a revelation" that the documents existed.

18  Another example is Ford's attempt to conceal documents that it had produced in

19  other class action litigation.  Through continuing efforts, Ford was ordered to

20  produce approximately 12,000,000 pages in a class document dump.  The firm's

21  attorneys spent countless hours sifting through these pages.  Once certain documents

22  were identified and brought into evidence at trial, Ford amazingly claimed that the

23  documents were not genuine and authentic.  As a result, we sought Ford's admission

24  of the genuineness of these documents, which Ford initially denied, but court orders

25  eventually compelled their admission of authenticity.  More recently, there was an

26  ongoing feud in which Ford was ordered to produce customer service documents

27  located on what is referred to as the "G: drive," but Ford ignored the order, caused a

28  motion to compel compliance, filed motions for a protective order and a motion for

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

1  reconsideration, and after almost two years of this battle finally produced the
2  contents of that G: drive.

3      27.    In my experience, Ford's approach to litigation is to fight at every turn,
4  make unacceptably low offers that its attorneys know from their experience are not
5  satisfactory, or make no offers at all, until the trial date for the case is near.  Of
6  course, this is not always the situation.  Based on a sample of the cases filed against
7  Ford in 2016 and 2017, 74% of those cases settled where trial was within six months
8  or less, and 50% of those cases settled within just one month of trial.  The following
9  chart shows the percentage of lawsuits that are settled when Ford finally tenders an
10  adequate offer when trial is imminent:



22      28.    Since 2017, Ford ramped up its defense even more.  Ford has hired
23  several law firms to assist in its defense.  Ford is now represented by the following
24  eleven law firms in lemon law actions against my firm:

25          1) King & Spalding

26          2) Greenburg Traurig

27          3) Gordon Rees Scully Mansukhani, LLP

28          4) Gates, O'Doherty, Gonter & Guy

9

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

5)  Baker Hostetler LLP

6)  Snell & Wilmer, LLP

7)  Shook, Hardy & Bacon

8)  The Erskine Law Group

9)  LeClairRyan

10) Sanders Roberts LLP

11) Dykema Gossett

29.     Recently, one of Ford's attorneys, speaking on behalf of the entire army of lawyers, proclaimed that Ford was no longer willing to discuss settlement, did not want to engage in any further mediations and fully intends to bring every case to trial unless our clients accept Ford's existing offers.  A true and correct copy of that letter is attached hereto as **Exhibit C**.

30.     As a result of Ford's resolute defense, attorney's fees are incurred during the prosecution of the lawsuit.  As discussed above, I was historically able to resolve payment without the need for filing motions, though in a few, rare cases my firm did file a motion.  As stated by one of Ford's attorneys in a declaration in support of a federal court finding federal jurisdiction of a matter based on amount in controversy, "it is not uncommon, and in fact quite regular, for attorney's fee and cost awards (or resolutions through informal discussions with opposing counsel) to exceed $100,000.00."  A true and correct copy of the declaration of Spencer Hugret is attached hereto as **Exhibit D, p. 3, ¶ 4**.

**The Attorneys' Hourly Rates Are Reasonable Pursuant to the Lodestar Method in Light of their Experience**

31.     I attended law school at Pepperdine University and I was a judicial extern for Judge Gregory W. Alarcon of the Los Angeles County Superior Court in 2002.

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

32.     I have been admitted to the State Bar of California since April 29, 2003. Since my admission to the State Bar of California, I have specialized in consumer law.

33.     I have extensive experience prosecuting and resolving consumer protection matters involving motor vehicle claims.  For the past fifteen years, I have specialized in breach of warranty and fraud cases against automobile manufacturers and dealers.  I was among the attorneys who represented the plaintiff in *Joyce v. Ford Motor Co.* (2011) 198 Cal.App.4th 1478, a leading case which extended the protections of the Lemon Law to trucks based on actual weight, not maximum capacity.

34.     Knight Law has been on the prevailing end of numerous other appellate decisions:

Published Opinions

1) *Joyce v. Ford Motor Co.* 198 Cal.App.4th 1478 (Cal Ct. App. 2011)
2) *Etcheson v. FCA US, LLC* 30 Cal.App.5th 831 (Cal. Ct. App. 2018)
3) *Warren v. Kia Motors America, Inc.*, 30 Cal.App.5th 24 (Cal. Ct. App. 2018)
4) *Hanna v. Mercedes-Benz USA, LLC* 36 Cal.App.5th 493 (Cal. Ct. App. 2019)
5) *Patel v. Mercedes-Benz USA, LLC*, 43 Cal.App.5th 1007 (Cal. Ct. App. 2019)
6) *Berroteran v. Sup. Ct.*, 41 Cal.App.5th 518 (Cal. Ct. App. 2019) (cert. review granted)
7) *Reynolds v. Ford Motor Company*, 47 Cal.App.5th 1105 (Cal. Ct. App. 2020)

Unpublished Opinions

8) McCullough v. FCA, No. D073330, 2018 WL 5856500 (Cal. App. Nov. 9, 2018)
9) Noflin v. Volkswagen, No. B275638, 2018 WL 1373992 (Cal. App. Mar. 19, 2018)
10) Cofield v. Kia, Nos. F074977, F075811, 2019 WL 3986198 (Cal. App. Aug. 23, 2019)

11

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

11) Palombi v. FCA, No. A156166, 2020 WL 2553307 (Cal. App. May 20, 2020)

12) Smart v. Ford, No. C087422, 2020 WL 284623 (Cal. App. Jan. 21, 2020)

13) Cieslikowski v. FCA, 809 Fed.Appx.386 (Mem) (9th Cir. June 12, 2020)

35.    I originally worked for one of the largest consumer warranty law firms in the country, Consumer Legal Services. From April 2007 until April 2012, I was a founding partner in Romano, Stancroff & Mikhov PC. I was the Managing Partner of the firm until it was dissolved. In April 2012, I founded O'Connor & Mikhov, LLP. The firm was reformed in 2017 as Knight Law Group, LLP. I am the Managing Partner of the firm. My rate for this case was $550/hour. My billing entries are indicated by the initials "SBM" in the billing statement exhibited to this declaration.

36.    Scot Wilson is a Partner in my office. Mr. Wilson has been with my firm since 2020. Prior to joining my firm, Mr. Wilson was a partner at the law firm of Robinson Calcagnie, Inc., where he exclusively represented plaintiffs. Before joining Robinson Calcagnie in 2010, Mr. Wilson was also previously a shareholder at a business litigation firm in Newport Beach for six (6) years where he represented clients in business, employment, and class action litigation. Before that, Mr. Wilson was an associate at an international law firm in Irvine for two (2) years. Mr. Wilson also served as a pro bono Deputy District Attorney with the Orange County District Attorney's Office Trial Attorney Partnership Program. Mr. Wilson also previously served as a judicial extern for Judge William J. Rea in the United States District Court for the Central District of California. After receiving his undergraduate degree from the University of California, San Diego (UCSD) in 1999, Mr. Wilson graduated cum laude from Pepperdine University School of Law in 2002. While at Pepperdine, Mr. Wilson served as Note & Comment Editor for the Pepperdine Law Review and won the Dalsimer Moot Court Competition. In addition to cases in California, Mr. Wilson has been admitted pro hac vice and handled cases in state and federal courts throughout the country, including the C.D. Cal., N.D. Cal., S.D.

1   Cal., E.D. Cal., 9th Cir., E.D. Pa., N.D. Ill., S.D.N.Y., S.D. Ohio, and D. N.J., and
2   Arizona, New Jersey, Florida, New York, Illinois, and Michigan. In addition to
3   being a member of the State Bar of California, Mr. Wilson is a member of the
4   Western Trial Lawyers Association ("WTLA"), Consumer Attorneys of California
5   ("CAOC"), Orange County Bar Association ("OCBA"), Association of Business
6   Trial Lawyers ("ABTL"), and Orange County Trial Lawyers Association
7   ("OCTLA"), Consumer Attorneys Association of Los Angeles ("CAALA), and the
8   Orange County Chapter of the Federal Bar Association ("FBA/OC"). In 2015 and
9   2016, Mr. Wilson was on the Board of Directors for the OCTLA. Mr. Wilson is the
10  author of the Recent Cases column in the CAOC's Forum Magazine and is a member
11  of the OCBA's Administration of Justice committee. Mr. Wilson has been named a
12  Super Lawyer by Los Angeles Magazine for his work. In 2018, Mr. Wilson was a
13  recipient of the California Lawyer Attorney of the Year ("CLAY") Award. Mr.
14  Wilson frequently gives presentations to other lawyers regarding trial advocacy,
15  deposition techniques, and emerging issues in personal injury, consumer protection,
16  and class action lawsuits. Mr. Wilson's hourly rate in this matter is $595/hour. Mr.
17  Wilson's billing entries are indicated by the initials "SW" in the billing statement
18  exhibited to this declaration.

19      37.     Russell Higgins was an Associate with the firm and was admitted to
20  practice in 2003. Mr. Higgins graduated from Pepperdine University School of Law
21  and his hourly rate in this matter is $450/hour. Mr. Higgin's billing entries are
22  indicated by the initials "RH" in the billing statement attached to this declaration.

23      38.     Conor M. Kelly was a Senior Associate at my firm. Mr. Kelly has been
24  with my firm since 2020. Prior to joining my firm, Mr. Wilson was a senior associate
25  at the law firm of Robinson Calcagnie, Inc. Mr. Kelly graduated from UCLA in 2008
26  with a major in economics and a minor in accounting. He then earned his law degree
27  from Pepperdine School of Law in 2011. He has been licensed to practice in
28  California since 2011. Since 2011, Mr. Kelly has devoted his practice to handling

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

catastrophic personal injury, products liability, and mass tort litigation. He has extensive experience in complex automotive defect cases including *In re Toyota Unintended Acceleration* and *In re General Motors Ignition Switch Litigation*, where he handled a variety of tasks including depositions of experts and company employees. Mr. Kelly has also had a key role in several trials including serving as second chair trial counsel in a three (3) month long automotive defect catastrophic injury case: *Herbert v. Ford Motor Company/Takata Corporation*. He has substantial experience in cases involving fraud and the Song-Berverly Consumer Warranty Act. Mr. Kelly has been selected as a Rising Star by Super Lawyers in 2017, 2018 and 2019. Mr. Kelly's billing rate is $415/hour, and his billing entries are indicated by the initials "CK" in the billing statement exhibited to this declaration.

39. Chris Swanson is a Partner in my office. Mr. Swanson graduated from UCLA School of Law in 2011 where he distinguished himself academically. Mr. Swanson has been an Associate at my firm since 2014. His prior professional experience includes individual and class action consumer protection law. Mr. Swanson has been selected as a Rising Star by Super Lawyers in 2018 and 2019. Mr. Swanson's billing rate at my firm as of January 1, 2021 is $425/hour. His previous hourly rate is $375/hour. Mr. Swanson's billing entries are indicated by the initials "CS" in the billing statement exhibited to this declaration.

40. Mitchell Rosensweig was an associate at my firm. Mr. Rosensweig graduated cum laude from the University of Baltimore School of Law and was admitted to practice law in the state of Maryland in 2012. He was also admitted to practice law in Washington, D.C. in 2014. Prior to his employment with KLG, Mr. Rosensweig practiced primarily in the area of medical malpractice. Mr. Rosensweig was admitted to the California Bar in 2018. His hourly rate in this matter is $325/hour. Mr. Rosensweig's billing entries are indicated by the initials "MER" in the billing statement exhibited to this declaration

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

41.     Kristina Stephenson-Cheang graduated from Western State University College of Law and was admitted to practice in 2008. Ms. Stephenson-Cheang was employed with the firm from 2013 - 2020. Prior to her employment at OM Law, she worked for a different lemon law firm gaining valuable experience in this area of law. Ms. Stephenson-Cheang's hourly rate in this matter was $375/hour. Ms. Stephenson-Cheang's billing entries are indicated by the initials "KSC" in the billing statement exhibited to this declaration.

42.     Maite Colón is an associate in my office. Mrs. Colón graduated from the University of Puerto Rico School of Law in 2011. Mrs. Colón was admitted to practice law in the state of Florida in 2012, as well as in the District of Columbia and the District Court of Puerto Rico. More recently, Mrs. Colón was admitted to practice law in California in 2018 and has since been admitted to all federal district courts in California. Mrs. Colón has been employed at my law firm since 2017. Prior to joining my firm, she worked at an international law firm gaining valuable experience in commercial transactional work and international law. Her hourly rate as of January 1, 2021 is $345/hour. Her previous hourly rate is $300/hour. Her billing entries are indicated by the initials "MC" in the billing statement exhibited to this declaration.

43.     Daniel Kalinowski is an Associate with the firm and was admitted to practice in 2015. Mr. Kalinowski graduated from Chapman University School of Law. His hourly rate as of January 1, 2021 is $295/hour. His previous hourly rate is $250/hour. His prior professional experience include business litigation, real estate litigation, and employment litigation. Mr. Kalinowski's billing entries are indicated by the initials "DK" in the billing statement attached to this declaration.

44.     George Semaan was an associate at my firm. Mr. Semaan was admitted to the Bar in 2016 and joined my firm in 2017. Mr. Semaan graduated from Chapman University Fowler School of Law in 2016, and spent his first year practicing intellectual property, business and employment law. Mr. Semaan's hourly billing

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

rate was $225/hour. His billing entries are indicated by the initials "GS" in the billing statement exhibited to this declaration.

45.     As always, Knight Law attempts to keep attorney's fees and costs down while providing vigorous and effective representation.

46.     All time billing entries were completed contemporaneously with each dated entry or near in time to the work performed.  I have personally reviewed the billing entries to ensure that they appropriately reflect the time expended.  I have removed or reduced any time I felt was excessive, duplicative, or otherwise unreasonable, or I have labeled the entry as a "no charge", as identified by the "N/C" in the invoice.  I am personally familiar with the background of each attorney hired at my firm.  My firm **does not bill clients** for secretarial support staff time or paralegal, which further reduces the overall bill.

### Evidence to Support the Reasonableness of Hourly Rates for Attorneys

47.     I am aware of the hourly rates of other attorneys in California who work in the area of lemon law and consumer law.  I bill my time at an hourly rate of $550 per hour.  An hourly rate of $550 per hour is reasonable, and consistent with other attorneys who litigate consumer matters and who have a comparable level of experience.  A canvas of the community of attorneys who specialize in this area reveals the following hourly rates:

> a. Hallen Rosner of Rosner, Barry & Babbitt, LLP, San Diego, CA has been practicing law since 1983 and specializes in consumer litigation with particular attention to auto financing issues. He charges $640 per hour. Survey as of 2017.
>
> b. Michael Lindsey was admitted to the bar in 1993 and has been handling consumer law cases for nearly 15 years in San Diego, California.  Mr. Lindsey's hourly rate is $625. Survey as of 2017. His previous rate of $575/hour was recently confirmed as

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

reasonable in *Goglin v. BMW of North America* (2016) 4 Cal.App.5th 462, 473-74.

c.  Brian Kemnitzer of Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP in San Francisco has been handling consumer cases since 1983.  Mr. Kemnitzer charges $800 per hour. Survey as of 2016.

d.  Robert Brennan of Brennan, Weiner and Associates in La Crescenta, California charges $450 per hour.  He has been in practice since 1987.  The hourly rate for his associates is $375 per hour. Survey as of 2010.

e.  Martin Anderson of The Anderson Law Firm in Santa Ana, California has practiced law since 1995 and charges $395 per hour. Mr. Anderson specializes in Lemon Law matters. Survey as of 2007.

f.  Nancy Barros of Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP in San Francisco, California has been handling consumer cases since 1983. Ms. Barros charges $625 per hour. Survey as of 2016.

g.  Mark Romano of Romano, Stancroff in Los Angeles, California has been practicing for 23 years, primarily in consumer litigation. His hourly rate is $400 per hour.  Survey as of 2010.

48.     On July 24, 2020, Judge Michelle Williams Court awarded 100% of Knight Law Groups lodestar attorney's fees request in the amount of $211,080.00 which included approving Knight Law Group's requested hourly rates as reasonable which ranged from $550/hr-$225/hr in the matter of *Julio Hernandez v. BMW of North America, LLC* (Los Angeles Superior Court, Case No. BC666145). A true and correct copy of the minute order is attached hereto as **Exhibit E.**

///

17

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

49.     On June 23, 2020, Judge Teresa Beaudet awarded 100% of the plaintiff's attorney's fees, costs and expenses in the amount of $126,527.88 and approved all requested rates ranging from $550/hr to $200/hr in the matter of *Donald Harbert v. FCA US LLC* (Los Angeles Superior Court, Case No. BC623621). A true and correct copy of the minute order is attached hereto as **Exhibit F**.

50.     On December 12, 2019, Judge George H. Wu awarded 96% of the plaintiffs attorney's fees in the amount of $25,817.50, a 0.25 multiplier in the amount of $6,454.38, and approved all requested rates ranging from $550/hr to $200/hr in the matter of *Maria D. Munguia Munguia, et al. v. Ford Motor Company, et al.*, No. CV 18-9008-GW (KSx) (C.D. Cal. Dec. 12, 2019). A true and correct copy of the minute order is attached hereto as **Exhibit G**.

51.     On October 25, 2019, Judge William Claster awarded 97% of the lodestar fees requested by motion, including a 1.1 lodestar multiplier, in the total amount of $192,893.50, in the matter of *Krupsky v. Ford Motor Company* (Orange County Superior Court, Case No. 30-2013-00662411-CU-BC-CXC).   The case settled at trial prior to jury selection.    The rates requested by motion that were granted included my rate of $550 per hour Mr. Altman's rate of $650 per hour, Mr. Kirnos' rate of $425 per hour, Ms. Ung's rate of $425 per hour, Mr. Swanson's rate of $375 per hour, and all other rates below $500 per hour.  A true and correct copy of the judgment is attached hereto as **Exhibit H.**

52.     On July 11, 2019, Judge Angel M. Bermudez in Riverside County awarded 100% of the requested attorney's fees in the amount of $87,465.00 and all of the requested costs and expenses in the amount of $11,843.66, in the matter of *Mark Dodd et al. v. FCA US LLC.* (Riverside County Superior Court, Case No. MCC1700496).  In so doing, Judge Bermudez expressly ruled that the requested hourly rates were reasonable, including a rate of $350 per hour for partner Amy

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

Morse, $550 per hour for my rate, $375 per hour for attorney Kristina Stephenson-Cheang, and all other requested rates of $225, $250, $275, $300, $325 and $350 per hour as reasonable for Riverside County. A true and correct copy of the signed order is attached hereto as **Exhibit I.**

53.     On July 1, 2019, Judge Gary Klausner, awarded 100% of the lodestar attorney's fees in the amount of $49,265 in the matter of *Bruce Hung Li v. FCA US LLC* (United States District Court Central District of California, Case No. 2:17-cv-06290-R-JEM). The court found reasonable the hourly rates that ranged from $300 - $375 per hour for associates and mid-level attorneys such as Amy Morse, Kristina Stephenson-Cheang, and Christopher Urner, to $550 per hour for my rate and $550 per hour.  A true and correct copy of the signed order is attached hereto as **Exhibit J.**

54.     On June 5, 2019, in the matter of *Ron Blasco et al v. FCA US LLC* (San Bernardino County Superior Court, Case No. CIVDS1609641), Judge Janet Frangie awarded 86% of the requested attorney's fees in the amount of $147,283.75 out of $170,536.25 requested, and ***granted a multiplier of 1.5*** in the amount of $36,811.56 given the contingent risk and "loss of the firm's capital resources", for a total award of fees in the amount of $184,104.69,. The court found the hourly rates of the attorneys at my firm reasonable ranging from $550 per hour for my rate to $200 per hour. A true and correct copy of the minute order is attached hereto as **Exhibit K.**

55.     On April 4, 2019, Judge Daniel A. Ottolia awarded over 91% of the lodestar fees requested by motion in the total amount of $731,885.25 in the matter of *Leonard Coon v. Ford Motor Company* (Riverside County Superior Court, Case No. MCC1300767).  The court found all of the hours worked to be reasonable.  The court also found all hourly rates at or below $500/hour to be reasonable.   A true and correct copy of the signed order is attached hereto as **Exhibit L.**

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

56.     On December 12, 2018, Judge David M. Chapman awarded 100% of the lodestar fees requested by motion in the total amount of $115,718.75 in the matter of *Lawson v. FCA* (Riverside County Superior Court, Case No. PSC1604057).  The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred were reasonable.  The rates requested by motion that were granted included my current rate of $550 per hour, the rates of $400 to $375 per hour for appearance attorneys Kirk Donnelly and Constance Morrison; $375 per hour for senior associates Christopher Swanson and Kristina Stephenson-Cheang; $350 per hour for partner Amy Morse; and $250 per hour for younger attorneys. A true and correct copy of the signed order is attached hereto as **Exhibit M.**

57.     On December 10, 2018, Judge Bryan Foster awarded fees, costs and expenses in the total amount of $48,234.93 in the matter of *Stead v. Ford Motor Company* (San Bernardino County Superior Court, Case No. CIVDS1618876).  The rates approved by Judge Foster included rates of $500 per hour for senior attorneys such as myself and Michael Rosenstein; the rate of $375 to $350 per hour for senior associates, appearance attorneys, and partners such as Kristina Stephenson-Cheang, Brian Murray, Constance Morrison, and Amy Morse; and $250 for younger attorneys. A true and correct copy of the signed order is attached hereto as **Exhibit N.**

58.     On December 3, 2018, Judge Ronald L. Bauer awarded 100% of requested lodestar attorney's fees and costs in the total amount of $35,793.13 in the matter of *Juan Ibanez v. FCA US LLC* (Orange County Superior Court, Case No. 30-2016-00858615-CU-BC-CJC). The hourly rates awarded ranged from my rate of $550 for senior-level attorneys such as myself; $450 to $350 for senior associate Joel E. Elkins, senior associate Kristina Stephenson-Cheang, "contract/of counsel"

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

attorney Constance Morrison, and partner Amy Morse; $325 per hour for associate Alastair Hamblin; and $250 to $225 for younger attorneys. A true and correct copy of the signed order is attached hereto as **Exhibit O**.

59.     On November 30, 2018, Judge Irma Asberry awarded 85% of the lodestar fees requested by motion in the total amount of $82,779.38 in the matter of *Ricardo Cuevas v. FCA* (Riverside County Superior Court, Case No. RIC1616584). The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred were reasonable.  The rates requested by motion that were granted included my current rate of $550 per hour, the rates of $375 to $350 per hour for appearance attorney Constance Morrison, associate Kristina Stephenson-Cheang, and partner Amy Morse; and $275 to $250 per hour for younger attorneys. A true and correct copy of the signed order is attached hereto as **Exhibit P.**

60.     On November 28, 2018, Judge Katherine Bacal awarded 92% of the lodestar fees requested by motion in the total amount of $61,461.75 in the matter of *Nisa Carrillo v. FCA* (San Diego County Superior Court, Case No. 37-2017-00014078-CU-BC-CTL).  The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred were reasonable.  The rates requested by motion that were granted included my current rate of $550 per hour, the rates of $375 to $350 per hour for associate Kristina Stephenson-Cheang and partner Amy Morse, $350 for attorney Lauren Veggian, and $225 per hour for younger attorneys. A true and correct copy of the signed order is attached hereto as **Exhibit Q.**

61.     On November 19, 2018, James Di Cesare awarded 100% of the lodestar fees and costs requested by motion in the total amount of $15,460.60 in the matter of *Ayesha Whitlow v. Ford Motor Company* (Orange County Superior Court, Case

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

No. 30-2016-00882648-CU-BC-CJC). The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred were reasonable. The rates requested by motion that were granted included my current rate of $550 per hour, the rates of $450 to $350 per hour for attorney Russell Higgins and partner Amy Morse, $350 for senior associate Kristina Stephenson-Cheang and attorney Hadi Gerami, and $275 to $250 per hour for younger attorneys. A true and correct copy of the signed order is attached hereto as **Exhibit R.**

62.     On November 6, 2018, Judge Mark Borrell awarded 100% of requested lodestar attorney's fees in the amount of $54,980.00 and full requested costs in the amount of $5,337.63 in the matter of *Lisa Lorraine Buckman v. FCA US LLC* (Ventura County Superior Court, Case No. 56-2016-00490241-CU-BC-VTA). The hourly rates awarded ranged from $550 per hour for senior-level attorneys such as myself; $375 to $350 per hour for attorneys Kristina Stephenson-Cheang and Amy Morse; and $250 to $200 for younger attorneys. The overall award was 100% of the amount requested. A true and correct copy of the signed order is attached hereto as **Exhibit S.**

63.     On September 25, 2018, Judge Sunshine Sykes awarded 87% of requested lodestar attorney's fees in the amount of $114,937.50 and also awarded a 1.25 multiplier in the amount of $28,734.38 in the matter of *Kantar v. FCA US LLC* (Riverside County Superior Court, Case No. RIC1606184). The hourly rates awarded ranged from my rate of $550 per hour to $450 per hour for senior-level attorneys such as myself and Russell Higgins; $425 to $300 for "contract/of counsel" attorneys such as Mary Fersch and Larry Castruita; $375 to $350 per hour for partner Amy Morse and senior associate Kristina Stephenson-Cheang; $275 for associate attorney Deepak Devabose; and $225 per hour for Thomas Burns. A true and correct

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

copy of the signed order is attached hereto as **Exhibit T.**

64.    On September 7, 2018, Judge Joan M. Lewis awarded 100% of requested lodestar attorney's fees in the amount of $69,393.75 and full requested costs and expenses in the amount of $3,819.03 in the matter of *Edralin v. FCA US LLC* (San Diego County Superior Court, Case No. 37-2016-00020403-CU-BC-CT). The hourly rates awarded ranged from my rate of $550 for senior-level attorneys such as myself; $400 for "contract/of counsel" attorney Kirk Donnelly; $375 to $350 per hour for partner Amy Morse and senior associate Kristina Stephenson-Cheang; and $225 for younger attorneys. A true and correct copy of the signed order is attached hereto as **Exhibit U**.

65.    On August 31, 2018, Judge Joel R. Wohlfeil awarded 87% of the lodestar fees requested by motion in the mount of 87,970.00 in the matter of *Duk v. Ford Motor Company* (San Diego County Superior Court, Case No. 37-2016-00012779-CU-BC-CTL). The court found that Knight Law's hourly rates were reasonable for that venue and that the time incurred were reasonable. The rates requested by motion included my current rate of $550 per hour; rates between $425 and $350 for partners Roger Kirnos, Lauren Ungs, and Amy Morse; rates between $400 and $375 per hour for contract/of counsel" attorneys Kirk Donnelly and Constance Morrison; and $375 per hour for senior associate Kristina Stephenson-Cheang; and $250 per hour for junior attorneys. A true and correct copy of the signed order is attached hereto as **Exhibit V**.

66.    On August 28, 2018, Judge Janet M. Frangie awarded 82% of the fees, costs and expenses requested by motion in the total amount of $9,736.76 in the matter of *Rivas v. Ford Motor Company* (San Bernardino County Superior Court, Case No. CIVDS1711898). The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

that the time incurred were reasonable. The rates requested by motion included my rate of $500 per hour, the rate of $350 per hour for Amy Morse, Hadi Gerami, and Kristina Stephenson-Cheang. A true and correct copy of the signed order is attached hereto as **Exhibit W.**

67.     On August 27, 2018, Judge Randall S. Stamen awarded 100% of the lodestar fees requested by motion in the total amount of $88,327.50 in the matter of *Suazo v. FCA* (Riverside County Superior Court, Case No. RIC1607979). The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred were reasonable. The rates requested by motion included my rate at the time of $500 per hour, the rates of $400 to $350 per hour for partners Roger Kirnos and Amy Morse, $350 for senior associates Christopher Swanson and Kristina Stephenson-Cheang, and $275 to $250 per hour for younger attorneys. A true and correct copy of the signed order is attached hereto as **Exhibit X**.

68.     On August 27, 2018, Judge Ronald L. Bauer awarded 99% of the lodestar fees and costs requested by motion in the total amount of $30,798.08 in the matter of *Hopkins v. FCA* (Orange County Superior Court, Case No. 30-2016-00859037-CU-BC-CJC). The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred were reasonable. The rates requested by motion included my rate of $500 per hour, rates between $375 and $350 per hour for contract/of counsel" attorneys Kirk Donnelly, Constance Morrison, and Hadi Gerami; rates between $350 and $325 for partner Amy Morse and associate Alastair Hamblin; and rates between $275 and $225 for junior associates Raymond Hay and Thomas Burns. A true and correct copy of the signed order is attached hereto as **Exhibit Y**.

///

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

69.     On August 17, 2018, Judge Richard Strauss awarded $17,985.00 in lodestar attorney's fees and $1,767.49 in costs and expenses in the matter of *Bugiel v. Ford Motor Company* (San Diego County Superior Court, Case No. 37-2017-00011741-CU-BC-CTL), which resulted in a settlement that is more than three and a half times the total amount the plaintiff paid for the vehicle. The hourly rates awarded included my billing rate at the time of $500 per hour; $400 to $350 per hour for partners Roger Kirnos and Amy Morse; and $375 to $350 for Senior Associate Kristina Stephenson-Cheang and contract/"of counsel" attorney Kirk Donnelly. The overall award represents 100% of the amounts of the lodestar attorney's fees and costs requested. A true and correct copy of the signed order is attached hereto as **Exhibit Z**.

70.     On July 25, 2018, Judge James T. Latting awarded full requested lodestar attorney's fees in the amount of $18,477.50 in attorney's fees and $2,665.15 in costs and expenses in the matter of *Meuse v. FCA US LLC* (Riverside County Superior Court, Case No. PSC1603210), which resulted in a settlement that is more than double the total amount the plaintiff paid for the vehicle. The hourly rates awarded ranged from $500 for senior-level attorneys such as myself; $350 per hour for attorneys Amy Morse, Constance Morrison, Hadi Gerami, and Kristina Stephenson-Cheang; and $225 for younger attorneys. The overall award represents almost 100% of the amount requested. A true and correct copy of the signed order is attached hereto as **Exhibit AA**.

71.     On July 19, 2018, Judge Barry T. LaBarbera awarded 96% of the fees, costs and expenses requested by motion in the total amount of $173,218.61 in the matter of *Spelts v. FCA* (San Luis Obispo County Superior Court, Case No. 15CV-0470). The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred were

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

reasonable. The rates requested by motion included my rate of $500 per hour, the rate of $400 per hour for Russell Higgins and Lauren Ungs, $350 per hour for Amy Morse and Kristina Stephenson-Cheang, $325 per hour for Alastair Hamblin, and $200 per hour for Michelle Lumasag. A true and correct copy of the signed order is attached hereto as **Exhibit BB**.

72. On July 17, 2018, Judge David M. Chapman awarded $55,127.50 in attorney's fees based on a request of $60,127.50 and full $7,730.78 in costs and expenses in the matter of *Garrison v. FCA US LLC* (Riverside County Superior Court, Case No. PSC1605950), which resulted in a settlement that is more than double the total amount the plaintiff paid for the vehicle. The hourly rates awarded ranged from $500 to $490 per hour for senior-level attorneys, including me and trial counsel, Sepehr Daghighian; $350 per hour for attorneys Amy Morse, Constance Morrison, and Kristina Stephenson-Cheang; and $225 to $250 for younger attorneys. The overall award represents 92% of the amount requested. A true and correct copy of the signed order is attached hereto as **Exhibit CC.**

73. On July 13, 2018, Judge Joan M. Lewis awarded $20,960.00 in lodestar attorney's fees based on a request of $21,565.00, full $1,723.21 in costs and expenses, and a 1.5 multiplier of $10,782.50 in the matter of *Newberry v. Ford Motor Company* (San Diego County Superior Court, Case No. 37-2016-00031300-CU-BC-CTL), which resulted in a settlement that is more than three times the total amount the plaintiff paid for the vehicle. The hourly rates awarded included my billing rate of $500 per hour; $400 to $350 per hour for partners Roger Kirnos and Amy Morse; and $250 for Michael Ouziel. The overall award represents more than 100% of the amount requested. A true and correct copy of the signed order is attached hereto as **Exhibit DD.**

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

74.     On July 11, 2018, Judge Mark Borrell awarded full requested lodestar attorney's fees in the amount of $75,557.00 and full costs and expenses in the amount of $8,912.36 in matter of *Paul v. FCA US LLC* (Ventura County Superior Court, Case No. 56-2016-00480745-CU-BC-VTA). Specifically, the Court deemed my hourly rate of $500 per hour reasonable along with trial attorney, Richard Wirtz's hourly rate of $500 per hour as reasonable. Judge Borrell determined that the hourly rates of attorneys ranging from $200 to $400 per hour were reasonable, such as Partners Amy Morse and Roger Kirnos, and Associates Christopher Swanson, Thomas Burns, Kristina Stephenson-Cheang, and Michelle Lumasag. The attorney fee award represents 100% recovery of the lodestar fees and costs requested by motion in the matter. A true and correct copy of the signed order is attached hereto as **Exhibit EE**.

75.     On June 22, 2018, Judge Eddie C. Sturgeon awarded fees, costs, expenses, and <u>a .2 multiplier</u> as requested by motion in the total amount of $25,837.72 in the matter of *Lang v. Ford Motor Company* (San Diego County Superior Court, Case No. 37-2016-00004792-CU-BC-CTL).  The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred were reasonable. The rates requested by motion included my rate of $500 per hour, the rate of $400 per hour for Lauren Ungs, $375 per hour for Kirk Donnelly, $350 per hour for Amy Morse, Kristina Stephenson-Cheang, and Hadi Gerami, $325 per hour for Alastair Hamblin, and $250 per hour for Michael Ouziel. A true and correct copy of the signed order is attached hereto as **Exhibit FF.**

76.     On June 19, 2018, Judge David M. Chapman granted full lodestar attorney fees, costs and expenses in the amount of $15,148.75 in the matter of *Kortan v. Ford Motor Company* Riverside Superior Court, Case No. PSC1702737), which

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

represented 100% of the fees and costs requested. Judge Chapman granted my rate of $500 per hour, $350 per hour for Amy Morse, $350 per hour for Chris Swanson, $350 per hour for Kristina Stephenson-Cheang, $325 per hour for Alastair Hamblin, and $250 for Hadi Gerami. The final order has yet to be signed but this is an accurate representation of the court's ruling. A true and correct copy of the court's ruling is attached hereto as **Exhibit GG.**

77.    On June 18, 2018, Judge Daniel Ottolia awarded 95% of the requested lodestar fees and full costs and expenses requested by motion in the total amount of $20,503.00 in the matter of *Simmons v. Ford Motor Company* (Riverside County Superior Court, Case No. RIC1610619). The court indicated it would not consider rates of defense counsel and found that the hourly rates of $350 per hour for Christopher Swanson, Amy Morse, and Kristina Stephenson-Cheang were reasonable for that venue and that the time incurred was reasonable. A true and correct copy of the signed order is attached hereto as **Exhibit HH.**

78.    On June 18, 2018, Judge Mark S. Borrell awarded 90% of the requested lodestar fees and full costs and expenses requested by motion in the total amount of $48,786.65 in the matter of *Perez v. FCA US LLC* (Ventura County Superior Court, Case No. 56-2016-00486433-CU-BC-VTA). The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue. The rates requested by motion ranged from $500 per hour for senior-level attorneys, including me and trial counsel Michael Rosenstein, the rate of $350 per hour for Chris Swanson, Kristina Stephenson-Cheang, Hadi Gerami and Amy Morse, and $225 per hour for Thomas Burns. A true and correct copy of the signed order is attached hereto as **Exhibit II**.

79.    On June 11, 2018, Judge Randall Stamen awarded $58,709.26 in attorney's fees based on a request of $65,232.50 and full costs of $7,149.84 in costs

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

and expenses in the matter of *Soria v. FCA US LLC* (Riverside County Superior Court, Case No. RIC1604160). The hourly rates awarded ranged from $500 per hour for senior-level attorneys, such as myself and trial counsel Richard Wirtz; $350 per hour for attorneys Christopher Swanson, Amy Morse, Constance Morrison, and Kristina Stephenson-Cheang; and $275 to $200 per hour for younger attorneys. The overall award represents 90% of the amount requested. A true and correct copy of the signed order is attached hereto as **Exhibit JJ**.

80. On June 11, 2018, Judge Stephen D. Schuett awarded 94% of the fees, costs and expenses requested by motion in the total amount of $17,202.32 in the matter of *Christensen v. Ford Motor Company* (Kern County Superior Court, Case No. BCV-16-101927). The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred were reasonable. The rates requested by motion included my rate of $500 per hour, $350 per hour for Amy Morse and Christopher Swanson, and $250 per hour for Michael Ouziel. A true and correct copy of the signed order is attached hereto as **Exhibit KK**.

81. On June 1, 2018, Judge Glenda Sanders awarded full requested lodestar attorney fees in the amount of $98,515 and full costs and expenses in the amount of $8,045.55 in the matter of *Vargas v. FCA US LLC* (Orange County Superior Court, Case No. 30-2016-00845431-CU-BC-CJC). The hourly rates awarded ranged from $750 to $500 per hour for senior-level attorneys, such as myself, Mark O'Connor, trial counsel Richard Wirtz, and trial counsel Moses Lebovitz; $400 to $350 per hour for attorneys Roger Kirnos, Amy Morse, Constance Morrison, and Kristina Stephenson-Cheang; and $200 for younger attorney Michelle Lumasag. The overall award represents almost 99% of the amount requested. A true and correct copy of the signed order is attached hereto as **Exhibit LL**.

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

82.     On May 18, 2018, Judge Bryan F. Foster awarded $37,405.00 in attorney fees and full costs and expenses in the matter of *Bahna v. Ford Motor Company* (San Bernardino County Superior Court, Case No. CIVDS 1602141). Specifically, the Court deemed my hourly rate of $500 per hour reasonable along with trial attorney, Sepehr Daghighian's, hourly rate of $400 per hour as reasonable. Judge Feuer determined that the hourly rates of attorneys ranging from $225 to $400 per hour were reasonable, such as Partners Lauren Ungs and Amy Morse (who were Associates at the time), and Associates Russell Higgins, Alastair Hamblin, Kristina Stephenson-Cheang, Daisy Ortiz, etc. Contract/"Of Counsel" attorney Constance Morrison was awarded her hourly rate of $350 for all time expended. The attorney fee award represents 98% recovery of the lodestar fees and costs requested by motion in the matter. A true and correct copy of the signed order is attached hereto as **Exhibit MM**.

83.     On April 26, 2018, Judge Peter Wilson awarded 96% of the requested lodestar fees and full costs and expenses requested by motion in the total amount of $73,047.36 in the matter of *Hitomi v. Ford Motor Company* (Orange County Superior Court, Case No. 30-2016-00847294-CU-BC-CJC). The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred was reasonable. The rates requested by motion ranged from $500 per hour for senior-level attorneys, including me and trial counsel Richard Wirtz, the rate of $350 per hour for Chris Swanson, $350 per hour for Kristina Stephenson-Cheang, $325 per hour for Alastair Hamblin, $350 per hour for Amy Morse, as well as rates of $225 per hour for Jennifer Reiz, $250 per hour for Michael Ouizel, and $225 per hour for Daniel Kalinowski. A true and correct copy of the signed order is attached hereto as **Exhibit NN**.

84.     On March 1, 2018, Judge Barry T. LaBarbera awarded 95% of the

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES

requested lodestar fees and full costs and expenses requested by motion in the total amount of $40,771.80 in the matter of *Vasquez v. Ford Motor County* (San Luis Obispo County Superior Court, Case No. 16-CV-0075). The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred was reasonable. The rates requested by motion included my rate of $500 per hour, the rate of $400 per hour for Russell Higgins, $375 per hour for Lauren Ungs, $375 per hour for Roger Kirnos, $350 per hour for Amy Morse, each of whom were recently named Partners of the firm, as well as rates of $350 per hour for Kristina Stephenson-Cheang, $250 per hour for Michael Ouizel, and $225 per hour for Deepak Devabose. A true and correct copy of the signed order is attached hereto as **Exhibit OO**.

85.     On February 26, 2018, Judge Angel Bermudez awarded $69,234.25 in lodestar attorney's fees and full requested costs of $6,660.29 in the matter of *Castillo v. Ford Motor Company* (Riverside County Superior Court, Case No. MCC1600116), which represents 82% of the total fees and costs requested by motion. A true and correct copy of the signed order is attached hereto as **Exhibit PP**.

86.     On January 8, 2018, Judge Kent M. Kellegrew awarded 100% of the fees, costs and expenses requested by motion in the total amount of $26,065.90 in the matter of *Allem v. FCA* (Ventura County Superior Court, Case No. 56-2015-00468707). The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred were reasonable. The rates requested by motion included my rate of $500 per hour, the rate of $400 per hour for Russell Higgins, $350 per hour for Lauren Ungs, $250 per hour for Amy Morse, each of whom were recently named Partners of the firm, as well as rates of $325 per hour for Chris Swanson, $350 per hour for Kristina Stephenson-Cheang, and $200 per hour for Deepak Devabose. A true and correct

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

copy of the signed order is attached hereto as **Exhibit QQ**.

87. On November 21, 2017, Judge David R. Lampe presiding in Kern County over the trial in the matter of *Marilyn West v. Hyundai Motor America* (Kern County Superior Court, Case No. BCV-16-100792) awarded 100% of the fees requested based on the same hourly rates requested here for an attorney fee award $169,148.75, plus an additional $16,431.83 in costs and expenses. The plaintiff obtained a jury verdict for treble damages, e.g. maximum civil penalties. Judge Lampe confirmed the rate of $650 per hour for trial attorney Bryan Altman, $500 per hour for myself and rates ranging from $350 to $400 per hour for Partners and mid-level Associates Russell Higgins, Kristina Stephenson-Cheang and Brian Murray, $450 per hour for Joel Elkins from the Altman Law Group, and $200 to $250 per hour for the lowest billing rate attorneys. The court awarded $350 per hour for attorney/"of counsel," Diane Hernandez. A true and correct copy of the signed order is attached hereto as **Exhibit RR**.

88. On November 17, 2017, Judge Colleen K. Sterne awarded all of the requested $54,400.17 in attorney's fees and costs and expenses in the matter of *Oksana Yudinova v. Ford Motor Company* (Santa Barbara Superior Court, Case No. 16CV00034). In doing so, the court awarded hourly rates ranging from $500 per hour for senior-level attorneys such as trial counsel, Richard Wirtz and myself, $325 to $400 per hour for mid-level Associates, $325 per hour for Associate Amy Smith from Wirtz Law, $200 to $250 for younger associates, and $175 per hour for paralegals. In total, the fee award represents 100% of the lodestar fee request. A true and correct copy of the signed order is attached hereto as **Exhibit SS**.

89. On September 15, 2017, Judge Kevin A. Enright awarded $199,248.08 in attorney's fees after trial in the matter of *Julie Harris v. Hyundai Motor America* (San Diego Superior Court, Case No. 37-2015-00019958-CU-BC-CTL). The

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

plaintiff obtained a maximum civil penalty jury verdict at trial. The Court found the hourly rates of the plaintiff's attorneys reasonable, including trial counsel, Bryan Altman's, rate of $650 per hour and my hourly rate of $500 per hour. The court found the hourly rates of $250 to $400 per hour for litigation attorneys, such as Russell Higgins, Lauren Ungs (trial counsel), Chris Swanson, Amy Morse and Michael Ouziel, were reasonable. The court also found that Mr. Altman's associates, Joel Elkins and Jordan Cohen, billed reasonable hourly rates of $450 and $300, respectively. The attorney fee award represents 85% of the lodestar fees requested by motion in the matter. A true and correct copy of the signed order is attached hereto as **Exhibit TT**.

90. On September 8, 2017, Judge Eddie C. Sturgeon awarded $226,845.00 in attorney's fees plus $46,021.71 in costs and expenses after trial in the matter of *John Aspinall v. Kia Motors America* (San Diego Superior Court, Case No. 37-2015-00002577-CU-BC-CTL). The total award amounts to $272,866.71. The plaintiff obtained a maximum civil penalty jury verdict at trial. Specifically, the Court deemed reasonable my hourly rate of $500, as well as trial attorneys, Michael Rosenstein's and Richard Wirtz', hourly rates of $500. He found that the hourly rates of $350 per hour reasonable for Lauren Ungs and a range of $200 to $250 per hour for younger attorneys. He also found that $375 and $350 per hour were reasonable for our contract attorneys, Kirk Donnelly and Constance Morrison. The attorney fee awarded represent 80% of the lodestar fees requested by motion in the matter. A true and correct copy of the signed order is attached hereto as **Exhibit UU**.

91. On August 9, 2017, Judge Craig L. Griffin awarded $59,515.00 in attorney's fees in the matter of *Jose Murillo v. FCA US LLC* (Orange County Superior Court, Case No. 30-2015-00771206-CU-BC-CJC). The Court affirmed the reasonableness of hourly rates requested by motion, specifically my rate of $500 per

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

hour, and rates of $300 to $350 per hour for attorneys such as Lauren Ungs, Chris Swanson, Kristina Stephenson-Cheang, Kevin Van Hout, $400 for Erin Barns from Wirtz Law, and $200 to $250 for young associates. In total, the fee award represented 97% of the lodestar fees requested, with the one reduction being time that we withdrew on our own.  A true and correct copy of the signed order is attached hereto as **Exhibit VV**.

92.     On May 26, 2017, my firm sought $97,221.25 in fees and $4,282.35 in costs and expenses in the matter of *Pumphrey v. Ford Motor Company* (Riverside Superior Court, Case No RIC1400402).  The Court ordered the parties to meet and confer and Ford accepted a 10% reduction of fees, and Judge Gloria C. Trask issued an order for a fee and cost award for a total of $92,000.00. A true and correct copy of the signed order is attached hereto as **Exhibit WW**.

93.     On May 9, 2017, Judge Sidney P. Chapin in Kern County awarded a total of $296,055.00 in attorney's fees plus $25,651.18 in costs and expenses based on a jury verdict for maximum civil penalties in the matter of *Cofield v. Kia Motors America, Inc.* (Kern County Superior Court, Case No. S-1500-CV-283504).  In so doing, Judge Chapin expressly ruled that the requested hourly rates were reasonable, including a rate of $650 per hour for attorney Bryan Altman, $500 per hour for trial attorney Michael Rosenstein, $500 per hour for my rate, $375 per hour for trial attorney Roger Kirnos, and all other requested rates of $200, $225, $300, $325 and $350 per hour as reasonable for Kern County. A true and correct copy of the signed order is attached hereto as **Exhibit XX**.

94.     On March 17, 2017, in the matter of *Page v. Kia Motors America, Inc.* (San Diego Superior Court, Case No. 37-2014-00023991-CU-BC-CTL), Judge Eddie C. Sturgeon granted an award of attorney's fees, costs and expenses in the amount of $271,077.16 in a case in which our clients prevailed at trial.   Judge

---

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

Sturgeon ruled that the hourly rates were reasonable, including trial counsel Bryan Altman's rate of $650/hour and Roger Kirnos' rate of $375/hour. The court found my rate of $500/hour to be reasonable, as well as each of my associates and the associates of Mr. Altman who top out at $450/hour for Joel Elkins. The court's order reflects a 15% across the board reduction on the overall attorney's fees amount but expressly determined the hourly rates were reasonable. A true and correct copy of the signed order is attached hereto as **Exhibit YY**.

95.     In considering the appropriate rates to charge in a matter such as this, I have reviewed a report entitled United States Consumer Law Attorney Fee Survey Report ("the Report") published in 2019 reflecting rates for 2017 to 2018. Based on the facts presented in the Report, I have determined that the rates charged by the attorneys in this case are commensurate with the hourly rates charged by other attorneys with comparable experience in consumer rights law. On Pages 1– 20, the purpose and methodology of the Report is described. On Pages 58 – 61, the Report sets forth the average hourly rates of consumer law attorneys in California based on experience. On Pages 230-231, the Report sets for the average hourly rates of consumer law attorneys in the Riverside-San Bernardino area specifically. The information reflected in these pages supports the reasonableness of the attorney hourly rates charged in this case, which are equivalent, if not below, the average rate of attorneys who practice consumer law in California. On pages 510 – 515, the Report identifies cases in California that have used this Report as supporting evidence in fee awards. The entire report is 598 pages so I have attached only the relevant pages dealing with California attorneys and California law. A true and correct copy of the relevant pages of the report is attached hereto as **Exhibit ZZ.**

96.     It is not uncommon for attorney's fees and costs to exceed the client's damages. The Legislature acknowledged such a circumstance, which is the reason behind the fee shifting provision of the Song-Beverly Act. Otherwise, consumers

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES

1  would be left without opportunity for redress when their damages were not enough
2  for an attorney to take the case on a contingent fee or hourly rate basis. Such a result
3  occurs in large part because of dealerships' or vehicle manufacturers' refusal to
4  adhere to statutory laws protecting consumers, resistance to honoring consumers'
5  complaints, and generally playing games or simply abusing discovery procedures.

6      97.    Lemon law cases are not simple actions. They require a specialized
7  understanding of the full scope of consumer protection laws, which are highly
8  nuanced. The cases also require knowledge of intricacies of automobiles and a
9  lexicon associated with them, as well as a knowledge concerning how to investigate
10  these matters. They also require knowledge of auto manufacturers' and dealers'
11  protocols for repairing vehicles.

12      98.    Generally speaking, clients of the firm are benefitted by the experience
13  of this firm insofar as work-product from other cases can be used in this case as well.
14  Hence, a substantial amount of time was saved by not needing to draft each
15  document from scratch and little time was needed to "get up to speed" in this
16  specialized area of law. In effect, Ford also benefitted when it comes to a
17  determination of reasonable attorney's fees to be paid because there are numerous
18  cost-saving techniques employed by the firm.

19      99.    As shown by the number of cases discussed herein and the positive
20  results achieved on behalf of each client, the hourly rate is reasonable and the number
21  of hours expended are reasonable. The fees incurred in this litigation are the direct
22  result of Ford's own dismissive approach to handling lemon law matters.

23      I declare under penalty of perjury under the laws of the State of California that
24  the foregoing is true and correct.

25      Executed this 16th day of August 2021, at Los Angeles, California.

26                                  */s/ Steve Mikhov*
27                                  STEVE MIKHOV
28                                  Declarant

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEY FEES